GAINES *et al.*

*v.*

WILSON *et al.*

(*Supreme Court of Appeals of Virginia, June 11, 1896.*)

[24 S. E. Rep. 828.]

### Continuances—Refusal to Grant—Insufficiency of Affidavit.

A refusal to grant plaintiff a continuance will not be disturbed where the record shows that the application was made at the close of defendant's evidence to obtain evidence to rebut alleged new matter, and on an affidavit which did not specify the facts he wished to rebut, the evidence he intended to adduce, or name the witnesses who would give it, and that on the hearing affidavits of plaintiff and a witness, whom he presumably wished to introduce, were allowed in evidence.

### Judgments—Reversal.

A judgment on findings of the trial court in accordance with the preponderance of the evidence will not be disturbed.

Appeal from circuit court, Nottoway county ; B. A. Hancock, Judge.

Suit by William E. Gaines and another against C. E. Wilson and others to enjoin certain of the defendants from interfering with property purchased by them at trustee's sale, for cancellation of their deeds, and for other relief. From a decree for defendants, plaintiffs appeal. Affirmed.

*George J. Hundley,* for appellants.

*R. G. Louthall* and *W. H. Mann,* for appellees.

KEITH, P., delivered the opinion of the court.

William E. Gaines and Lula L. Gaines filed their bill in chancery in the circuit court of Nottoway county, in which they aver that William E. Gaines, being indebted to the Bank of Crewe in the sum of $2,165.38, evidenced by a note, with C. E. Wilson as indorser, executed a deed of trust to William H. Mann, trustee, conveying his home in the town of Burkeville, and several lots, with improvements thereon, fully described in said deed, and by a subsequent deed to J. P. Agnew, trustee, conveying certain other property consisting of lots near the said town of Burkeville, and other property, to secure Wilson as indorser. The bill avers that the relations between the complainant and Wilson had been exceedingly intimate, and that Wilson recognized his obligation to Gaines for many acts of kindness done him during the days of his prosperity by lending him the use of his name and influence with others, and therefore that it was natural and proper that he should apply to Wilson for advice and assistance when trouble came upon him ; that Wilson was amply secured ; and that thereupon an agreement was entered into between Wilson and the complainant William E. Gaines that the deed of trust on the residence of plaintiff Gaines should be enforced, and that Wilson should buy it in for Lula L. Gaines, the daughter of William E. Gaines, and hold the same for her until the other lots mentioned in the deeds of trust referred to could be sold, and money raised from other sources, and especially from M. F. Langhorne, the uncle of complainant Lula L. Gaines, by which the debt to the Bank of Crewe could be paid off. It is averred that no time was fixed for the selling of the lots or the final payments to be made on the debt, but the subject was frequently and fully discussed, and the foregoing understanding arrived at ; and it was further agreed that William E. Gaines should be permitted "to go ahead and sell the lots"; that the sale was made on the 9th of September, 1893, in pur-

suance of said agreement, and at the sale several persons were prevented from bidding against Wilson for the home house and lot upon being informed that he was buying it in for the benefit of Lula L. Gaines ; that, others being thus prevented from bidding, C. E. Wilson became the purchaser at a grossly inadequate price, not only of the home house and lot, but of the other property described in the said deeds ; that subsequently the plaintiffs were astonished to learn that Wilson claimed to have purchased the property for his own benefit, and to have sold it to Mrs. Mary A. Hurt for the sum of $2,200. The complainants charge that Wilson "deliberately and designedly deceived, entrapped, and defrauded them in the transactions herein mentioned ; that his whole conduct in the premises has been treacherous, fraudulent, and contrary to equity and good conscience," and that the pretended sale to Mary A. Hurt of the property claimed by her was also fraudulent ; that she is a participant in the fraud, and in collusion with Wilson to defraud the complainants. The prayer of the bill is that each of the defendants may be enjoined from all further interference with any of the property sold under the deeds of trust, real or personal, and that the deeds from Mann and Agnew, trustees, of Wilson, for the real property therein mentioned, may be set aside and annulled ; and that if Wilson has made a deed to Mary A. Hurt, the same may be set aside and annulled ; and that the complainants may be allowed to pay the debt secured by the deeds of trust and retain their property, or that Wilson may be compelled to convey the home house and lots to Lula L. Gaines upon the payment of the debt upon which Wilson is indorser.

The defendants answer the bill, and deny all fraud and collusion ; and C. E. Wilson emphatically denies that he ever entered into any such agreement or undertaking as that set up in the bill ; that his whole object was to protect himself as indorser, and not in any manner to oppress or to overreach the plaintiff ; that this was his sole object in becoming the

purchaser at the sale which is sought to be set aside ; that he
bought it for his own benefit, and never held out to any one,
or gave any one any reason to believe or suppose, that he
was buying for the benefit of the plaintiffs. Evidence was
taken by the plaintiffs and defendants in support of their re-
spective positions, and, the cause coming on to be heard before
the circuit court of Nottoway county, a decree was entered
dissolving the injunction, and ordering that, if Miss Gaines shall
within 60 days from the rising of the court pay to C. E.
Wilson the sum of $2,165.38, with interest from the 20th of
February, 1892, till paid, and the costs of suit and of the
trustee's sale, and insurance paid by Wilson, then C. E. Wilson
and Mary A. Hurt are directed to execute to her a deed for
the real and personal property claimed to have been bought
by said Wilson at the several sales made by the trustees for
his benefit in the bill and proceedings mentioned. From
this decree the plaintiffs applied for and obtained an
appeal.

The first error assigned is that the court refused to grant
the plaintiff a continuance. When the case was called for
hearing on the 28th of March, 1894, William E. Gaines pre-
sented a written motion for a continuance, and filed his
affidavit in support thereof. In the affidavit he states that the
evidence for the defendant was concluded on the 27th day of
March ; that in the defendants' depositions there was intro-
duced much new matter which the plaintiffs would be able to
rebut if the opportunity should be afforded them before enter-
ing upon the trial of the cause. The name of no witness is
given in the affidavit of the plaintiff, nor any specific fact set
out which he wished to rebut, nor any of the evidence stated
which he desired to adduce. The court, as appears from the
decree, allowed the affidavit of John H. Boswell—presumably
one of the witnesses referred to in the affidavit of Gaines—to
be read in evidence, and also the affidavit of the plaintiff him-
self, but refused to continue the case. As was said by Judge

Harrison in Railroad Co. v. Shott (Va.) 22 S. E. 812 : "The court in which a trial takes place is in a position to determine better than any one else can do the sufficiency of grounds relied on for a continuance. Hence it is that an appellate court does not interfere unless the judgment of the court below on such a motion is plainly erroneous.    *    *    *    And, though an appellate court will supervise the action of the lower court on such a motion, it will not reverse a judgment on that ground, unless plainly erroneous." The presumption is always that the judgment or decree of the trial court is right until the error is made to appear, and enough must be presented in the record to enable the appellate court to see that error has been committed before it will undertake to review and reverse the decree appealed from ; and this is especially true as to the action of the trial court in granting or refusing a continuance. Nothing appears upon the record here that discloses error in the ruling complained of. Nor can we discover any error in the decree of the court upon the merits. I shall not enter into a discussion of the technical objections to the case stated in the bill presented in the brief of counsel for the defendants, but, assuming that the case stated is one which, if proved, the court should enforce, it appears that every allegation of the bill is denied by the defendants in their answers, and that the proof utterly fails to sustain the plaintiffs' contention. Conceding, for the sake of argument, that the plaintiffs have stated a proper case, nothing is left to be determined except questions of fact. They have been passed upon by the circuit court adversely to the plaintiffs ; and in accordance with the preponderance of the evidence. I am of opinion that no error is disclosed in the record, and that the decree appealed from should be affirmed.