# Richmond

LOUISE H. MILLER v. GRIER S. JOHNSON, INCORPORATED.

January 15, 1951.

Record No. 3722.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*Robert H. May*, for the plaintiff in error.

*Jordan A. Pugh, III*, for the defendant in error.

Hudgins, C. J., delivered the opinion of the court.

The dominant question in this case is, whether the trial court abused its discretion in refusing to continue the case on motion of defendant.

The pertinent facts are that Grier S. Johnson, Incorporated, instituted an action by notice of motion against Louise H. Miller, to recover $3,100 alleged to be due by her for work done and material furnished. On November 21, 1949, the return day of the process, L. S. Parsons appeared as counsel for defendant, pleaded the general issue, and filed a special plea, in which defendant admitted employing plaintiff to do the work and furnish the material, but alleged that the amount was more than she had agreed to pay, and that the parties had settled their controversy by the plaintiff agreeing to accept certain vacant lots in full settlement of the alleged indebtedness. The attorneys for the respective parties agreed that the case should be tried on December 21, 1949, and it was set accordingly.

On December 17, 1949, Mr. Parsons, in the presence of the attorney for plaintiff, informed the court that he had notified defendant he would not represent her in the case and very probably the case would have to be continued as he understood defendant was sick. To verify this he filed a certificate signed by Doctor N. F. Rodman, stating that "Mrs. Louise Miller is ill with sinusitis."

The trial judge apparently doubted the good faith of defendant in seeking the continuance, but granted the motion on the express condition that she would employ other counsel forthwith, and that if she had reasonable cause to believe that she would be too ill to appear on January 9, 1950, the date fixed for the trial, her deposition would be taken. The judge then suggested that Parsons notify defendant of the conditions imposed. Mr. Parsons stated that inasmuch as he was retiring from the case he preferred that the judge notify her. On the same day the judge wrote defendant the following letter:

"Mr. L. S. Parsons has this day moved for the continuance

of your case which was set for trial on December 21 on the ground of your illness and the further ground that he is withdrawing from your several cases and that you should have reasonable time within which to employ another attorney.

"The case of Grier S. Johnson, Inc. against you is now set for trial in the Court of Law and Chancery of the City of Norfolk on January 9, 1950 at ten o'clock a. m. It will not be continued on the ground of ·your illness or on the ground that you have not employed an attorney.

"I suggest that you employ an attorney at this time and, if there is a possibility that you will be unable to appear in court on January 9, 1950 at ten o'clock a. m., due to illness, you arrange with your attorney to take your depositions at this time."

When the case was called for trial on January 9, Mr. Robert H. May appeared as counsel for defendant, filed a demurrer to the notice of motion, and asked for a bill of particulars. His demurrer was overruled and a bill of particulars was promptly filed. Mr. May then moved for a continuance on two grounds (1) that he had not had time to prepare for trial since he was not employed until late Friday, January 6th, and (2) that defendant was not physically able to appear in court.

Mere failure of a litigant to employ counsel until just prior to the date set for trial is not a ground for continuance. Neither is withdrawal or discharge of counsel under the same circumstances. If such were the rule a litigant could indefinitely avoid trial by changing counsel. Defendant was notified on December 14th by Mr. Parsons that he was withdrawing from the case. On December 17th she received a letter from the judge himself, stating that if she desired counsel she must act at once. Under the circumstances, her failure to employ counsel until three days before the date fixed for the trial is not the exercise of due diligence. The trial court did not abuse its discretion in refusing a continuance on this ground.

Defendant contends· that she was physically unable to be

present, and in support of this contention her attorney read and filed the following certificate signed by Doctor Rodman:

"Jan. 8th, 1950

"This is to certify that Mrs. Louise Miller has been under my professional care for several months.

"*I consider her condition such as to make it inadvisable for* her to leave her home to testify in court at present." (Italics supplied).

Neither defendant nor her attorney offered an affidavit stating what defense, if any, she had to plaintiff's claim. The court declined to grant the continuance, impaneled a jury, tried the case, and entered judgment on the verdict for the full amount of plaintiff's claim. The evidence introduced by the parties is not before us as it was not made a part of the record.

Several days after the judgment had been entered, Mr. May, as attorney for defendant, tendered his own affidavit in support of a motion to set aside the verdict and judgment, and grant a new trial. This affidavit is long and involved. Many of its eighteen numbered paragraphs are not germane to the issue presented. The same criticism is applicable to the affidavit offered by the attorney for plaintiff. Both affidavits were filed by leave of court and incorporated in bills of exception signed by the trial judge.

■ A motion for continuance is addressed to the sound discretion of the trial court. Its ruling thereon will not be disturbed by this court unless it plainly appears that its discretion has been abused.

The reason for the rule is obvious. The presiding judge observes and knows the surrounding facts and circumstances, and hence is in a better position than an appellate court to determine whether the design of the party making the motion is delay, or whether the continuance is essential to a fair and impartial trial. *Gaines* v. *Wilson*, 2 Va. Dec. 368, 24 S. E. 828; *Norfolk, etc., R. Co.* v. *Shott*, 92 Va. 34, 22 S. E. 811.

■■ A motion for a continuance, based on the absence

of a party litigant at the trial, usually presents a more important question than one based on the absence of a witness. A litigant's familiarity with the facts of the case may be of great assistance to his counsel. It enables him to assist in the conduct of the trial by suggestion and advice. Ordinarily, a witness does not have any interest in the case. He is simply present to testify. A litigant not only has a right to be present at the trial, but it is presumed that he will be present for the purpose of aiding and assisting in the protection of his rights. However, a litigant forfeits this privilege or right when it appears that his absence is for the purpose of forcing a continuance which tends to hinder and delay the orderly and expeditious administration of justice. If, as in this case, it is contended that a party's absence is because of illness, the fact of such illness should be established by positive evidence that satisfies the court of the inability of the party to be preent.

■ There can be no fair and impartial trial unless a party has had an opportunity to appear and be heard on any issue which affects his rights. The trial court granted defendant's motion for continuance on December 17th, but having cause to believe that defendant was not exercising reasonable diligence in preparing for trial, he took the unusual precaution of personally notifying her that the case would not be continued a second time on the ground that she had not employed counsel, and that if there was a possibility of her being unable to be present on January 9th, she should have her deposition taken and filed. Defendant ignored these suggestions and, on the day fixed for trial, moved for a continuance on both grounds. To prove that she was unable to attend court she relied solely on the certificate of Doctor Rodman which merely stated that in his opinion it was "inadvisable" for her to attend. It appears from the record that this rather equivocal statement of the doctor was made without a personal examination of defendant, and under the following circumstances: Defendant had been a patient of the doctor for a considerable period of time. He stated that she suffers from "sinus

troubles and female troubles and that she will probably continue to be emotionally upset and physically incapacitated until her financial affairs are satisfactorily solved." On January 8, the day before the case was set for trial, defendant telephoned the doctor and asked him to call by her home. The doctor declined on the ground that he was sick and suggested that she obtain the services of another doctor. She declined to do this and requested the doctor to write a prescription for her and she would send for it. Defendant's husband called by the doctor's office to get the prescription, at which time he asked for a certificate stating that defendant was sick and unable to appear in court the following day. The doctor did not comply with this request, but simply stated in his certificate that he thought it was "inadvisable" for her to appear in court. It was stated in the affidavit of attorney for the plaintiff that the doctor told him that defendant would probably "continue to be emotionally upset and physically incapacitated until her financial affairs were satisfactorily solved," and yet on or about the date set for the trial, defendant was conducting other business of a somewhat complicated nature.

The evidence tending to prove that defendant was too ill to attend court is not positive or convincing. The trial judge gave her full opportunity to be present and to have her testimony taken in the form of a deposition.

A more orderly procedure requires that the evidence in support of, and in opposition to, a motion for continuance should be adduced at the time the motion is made. However, considering the record as presented, we cannot say that the trial court abused its discretion in refusing to continue the case.

Defendant's second contention is that the court committed reversible error in overruling her demurrer to the notice.

Plaintiff alleged in its motion for judgment that defendant was indebted to it in the sum of $3100, with interest on $1200 from August 10, 1948, and on $1900 from September 10, 1948, "upon an open account as is shown by

the itemized statement of said account and the affidavit hereto attached and filed herewith."

No itemized account was attached to the notice or filed. However, there was attached to and made a part of the motion an affidavit made by Grier S. Johnson, president of plaintiff corporation, in which it was alleged that defendant was "truly and justly indebted" to plaintiff "in the aggregate principal sum of Thirty-one Hundred ($3,100.00) Dollars," with interest as set forth above "for work and labor done and for materials furnished on instructions from the said Louise H. Miller, and pursuant to verbal agreements with her made."

Defendant stated in her demurrer that "the notice of motion is not sufficient in law or in equity." The court overruled the demurrer and ordered plaintiff to file a bill of particulars.

The contention is that the failure of plaintiff to file an account violated the provisions of Section 8-720 of the Code, which are "If the motion be upon an open account, the plaintiff shall file with the notice an account, stating distinctly the several items of his claim, unless they be plainly described in the notice."

The notice and the affidavit which were served on defendant clearly stated that plaintiff's claim was based upon a claim for work done and materials furnished, for which defendant agreed to pay. This statement of facts informed the defendant of the nature of the demand made upon her and was sufficient to enable the court to say that if the facts stated were proved plaintiff was entitled to recover.

This is a substantial compliance with the fundamental rule of pleading—that is, the facts must be so stated as to fairly apprise the court and the defendant of the nature of the cause of action upon which plaintiff relies. If the facts are sufficient in substance, but deficient in detail, the defendant's remedy is not by demurrer, but by motion for a bill of particulars.

There are two statutes—Sec. 8-720, applicable to

notices of motion, and Sec. 8-510, applicable to declarations in assumpsit, in which the same language, except for consequential changes, is used. This court has held in numerous cases (many of them reviewed in *Norfolk* v. *Norfolk County*, 120 Va. 356, 91 S. E. 820) that an irregularity or defect in an account required to be filed with a declaration in assumpsit could not be reached by demurrer, and that a demurrer will not lie to a common law count in assumpsit. However, this court has also held in *Mankin* v. *Aldridge*, 127 Va. 761, 105 S. E. 459; *Matthews* v. *LaPrade*, 130 Va. 408, 107 S. E. 795, and *Bardach Iron, etc., Co.* v. *Tenenbaum*, 136 Va. 163, 169, 118 S. E. 502, that the account required to be filed with a notice of motion is a part of the pleadings and, if deficient in substance, was subject to demurrer. These cases hold that if the notice of motion and account, read together, are sufficient in substance, but deficient in detail, defendant's remedy is not by demurrer, but by bill of particulars. This is in accord with the statement in Burks Pleading and Practice, 3d Ed. p. 296, where it is said: " * * * where the notice states a good cause of action, but is in some feature of calculation or detail indefinite, e. g., where the motion is for money due by open account for work and labor done, or goods furnished, and the notice does not particularize the details of the work and labor, or the items of the goods," a demurrer should not be sustained. Defendant's remedy in such cases is to move for a bill of particulars, which the court, in this case, required plaintiff to file.

The present Rules of Practice and Procedure in actions at law, which became effective February 1, 1950, eliminate common law declarations, and require a plaintiff to state his case in a written motion for judgment. Prior to the adoption of these rules, neither bills of particulars nor grounds of defense were regarded as a part of the pleadings. Under the Rules of the Court (Rule 3:18) it is provided that "All bills of particulars and motions in writing are pleadings. * * * Every pleading shall state the facts on which the party relies in numbered paragraphs,

and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense. * * * A bill of particulars that fails to inform the opposite party fairly of the true nature of the claim or defense may, on motion made promptly, be stricken and an amended bill of particulars ordered." Plaintiff, in its motion for judgment, its affidavit and its bill of particulars, stated a good cause of action, and stated it in such a way that defendant could not reasonably have mistaken the nature of the action upon which plaintiff predicated its claim.

Usually a defendant is under no obligation to go outside of the pleadings to ascertain what demand the plaintiff is making against him. However, in this case, three weeks before the demurrer was filed, defendant appeared, pleaded the general issue, and filed a special plea, in which it is stated "that the plaintiff did some work on the defendant's property to the total value of Thirteen Hundred Dollars ($1,300.00) not Thirty-one Hundred Dollars ($3,100.-00) as claimed; that when the work was finished the plaintiff agreed to take certain lots in settlement of his claim and to assume and pay the taxes thereon and to do further work for the defendant to make up the difference in value." This clearly shows that even before defendant requested a bill of particulars, she was informed of the nature of plaintiff's claim. If she thought that the bill of particulars did not give her the necessary information to prepare her defense, she could have moved for an amended bill of particulars. This she did not do.

While plaintiff's pleadings are not models to be commended, they were sufficient in substance to apprise defendant of the nature and ground of its claim. Hence the trial court committed no error in overruling the demurrer.

The judgment is affirmed.

*Affirmed.*