# Richmond

LETCHER W. GOODE, ADMINISTRATOR OF THE ESTATE OF WAYNE D. GOODE, DECEASED v. FORREST LINWOOD COURTNEY.

May 4, 1959.

Record No. 4939.

Present, Eggleston, C. J., and Buchanan, Miller, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*James A. Baber* (*Robert R. Merhige, Jr.; Merhige, Byrne, Montgomery & Baber*, on brief), for the plaintiff in error.

No brief or argument on behalf of the defendant in error.

MILLER, J., delivered the opinion of the court.

This action at law was instituted by Letcher W. Goode, administrator of the estate of Wayne D. Goode, deceased, hereinafter called plaintiff, against Forrest Linwood Courtney, and from a final order entered upon the pleadings that sustained a motion for summary judgment made by Courtney, we granted plaintiff an appeal.

In plaintiff's motion for judgment for $3,073.13, it is alleged that defendant, Courtney, and plaintiff's decedent were operating their respective automobiles, and "as a result of the negligent and grossly negligent operation of the aforementioned respective vehicles, a collision occurred," wherein Robert Calvin Breeden was killed and Evelyn Montgomery was injured, both occupants of Wayne D. Goode's car. It is also alleged that plaintiff, as administrator of Wayne D. Goode, deceased, paid $5,742.65 to Thomas W. Breeden, administrator of Robert Calvin Breeden, deceased, and $403.74 to Evelyn Montgomery, in consideration for which Breeden's administrator and Evelyn Montgomery released all claims on account of Breeden's death and Evelyn Montgomery's injuries sustained "as a result of the accident" and that the settlements were for reasonable and fair amounts. It is then charged that Courtney "was a joint tort feasor with plaintiff's decedent herein, and as a joint tort feasor," he should have contributed with plaintiff in the settlements and that as the "proximate result of the negligent and grossly negligent operation of the vehicles" and payments made to Breeden's administrator and Evelyn Montgomery, plaintiff is entitled to recover of the defendant $3,073.13 by way of contribution.

Defendant Courtney demurred to the motion for judgment and filed grounds of defense in which he denied negligent operation of his automobile and denied that any act or omission on his part contributed to the collision wherein Robert Calvin Breeden was killed and Evelyn Montgomery injured. He also denied that he was a joint tort feasor with plaintiff's decedent or that he was obligated to contribute to the settlements that had been made. Material allegations of facts were thus traversed and put in issue by the grounds of defense.

After defendant had filed his demurrer and grounds of defense, plaintiff obtained leave to amend his motion for judgment. In his

amendment he alleged that the collision "occurred as a proximate and contributing result of the operators of the respective vehicles referred to in the motion for judgment operating their said respective vehicles in a northerly direction on Route 340 near Rileyville, Page County, Virginia, at high and dangerous rates of speed; and the said operators of the aforesaid respective vehicles did fail to keep their respective vehicles under reasonable and proper control and the defendant did operate his vehicle at an unsafe distance next to and behind the vehicle of plaintiff's decedent, * * *."

Defendant's demurrer interposed to this amended motion for judgment was overruled by the court but on motion of defendant, plaintiff was ordered to file a bill of particulars. The bill of particulars, promptly filed by plaintiff, charged that defendant did at the time and place alleged in the motion for judgment operate his automobile in a careless and reckless manner, at the excessive speed of 65 to 70 miles an hour and unreasonably close behind Wayne D. Goode's vehicle and that Courtney failed to keep his vehicle under proper control and caused it to strike the vehicle of plaintiff's decedent.

At this stage of the proceedings defendant Courtney interposed an oral motion for summary judgment on the ground that the motion and amended motion for judgment and bill of particulars failed to allege that any negligence of the defendant proximately caused the injury complained of and failed to state a cause of actionable negligence against defendant. Plaintiff thereupon moved for leave to file an amended bill of particulars. After hearing argument, the court overruled plaintiff's motion to file an amended bill of particulars and sustained defendant's motion for summary judgment.

Rule of Court 3:20 provides that:

"Either party may make a motion for summary judgment at any time after the parties are at issue. If it appears from the pleadings, the orders, if any, made at pretrial conference, the admissions, if any, in the proceedings, or, upon sustaining a motion to strike the evidence, that the moving party is entitled to judgment, the court shall enter judgment in his favor. Summary judgment shall not be entered if the amount of damages or any other material fact is genuinely in dispute."

Although § 8-627, Code 1950, is not mentioned in the motion for judgment, yet it is obvious that recovery of the sum sued for is sought under that legislation. It is likewise apparent from allegations

in the motions for judgment and bill of particulars and the denials in Courtney's grounds of defense that he was made aware that recovery was sought against him as a joint tort feasor for the death and injury respectively of Robert Calvin Breeden and Evelyn Montgomery, allegedly caused by his and Wayne D. Goode's negligent operation of their automobiles.

A cause of action was alleged and all material allegations denied, and each litigant was apprised of the alleged facts upon which the other intended to rely.

The motion and amended motion for judgment failed to charge specifically that defendant's negligent operation of his car was a *proximate* cause of Breeden's death and Evelyn Montgomery's injuries. Yet use of the word "proximate" or the phrase "proximately caused" is not necessary in a pleading that seeks recovery for tortious injury or death caused by negligent acts of omission or commission. Legal responsibility in that respect can be charged by other language so long as it apprises defendant that he is charged with negligently causing or contributing to the injuries or death.

After the bill of particulars was filed, and it was pointed out with particularity how Courtney's negligence contributed to the collision, the court, without more, sustained the motion for summary judgment.

■ We have held that a motion for summary judgment is not to be used as a substitute for a demurrer.

"Rule 3:20 was adopted to provide trial courts with authority to bring litigation to an end at an early stage, when it clearly appears that one of the parties is entitled to judgment within the framework of the case as made out by the pleadings, the pretrial conference, and the admissions in depositions. Its purpose is to expedite litigation with as few technicalities as possible and thus avoid common law procedural tactics interposed for delay, but it does not substitute a new method of trial where an issue of fact exists. As stated by the Judicial Council for Virginia, in its Proposed Modifications of Practice and Procedure, prepared in January 1949, Rule 3:20 'provides for summary judgment in those cases that cannot be reached by demurrer in which the only dispute concerns a pure question of law. It applies only to cases in which no trial is necessary because no evidence could affect the result.' The motion for summary judgment is appropriate 'after the parties are at issue' and is not intended as a substitute for a demurrer, a demurrer to the evidence or a motion

to strike. * * *" *Carwile* v. *Richmond Newspapers, Inc.,* 196 Va. 1, 5, 82 S. E. 2d 588.

■ Under Rules of Court 3:13, 3:18(d) and § 8-119, Code 1950, the court might well have allowed plaintiff to file an additional bill of particulars as moved for by him.

"* * * The tendency of modern decisions is reflected in our Rule 3:13, which directs that 'Leave to amend shall be liberally granted in furtherance of the ends of justice.' " *Jacobson* v. *Southern Biscuit Co.,* 198 Va. 813, 816, 97 S. E. 2d 1. *Miller* v. *Johnson, Inc.,* 191 Va. 768, 62 S. E. 2d 870; *Alexander* v. *Kuykendall,* 192 Va. 8, 63 S. E. 2d 746.

Yet the filing of an additional bill of particulars was not necessary for the motions for judgment and bill of particulars already filed alleged a cause of action and sufficiently apprised defendant of what he was required to answer. That being true and the defendant having denied the material allegations of fact, the parties were at issue. Until further proceedings were had and the case developed so as to disclose that as a matter of law plaintiff was not entitled to recover, a motion for summary judgment should not prevail.

The judgment complained of will be reversed and the case remanded for trial upon the issues presented by the pleadings.

*Reversed and remanded.*