# CIRCUIT COURT OF STAFFORD COUNTY

Roland Clyde Stephens

    v.

Joseph Milton Curtis

BY JUDGE JOHN D. BUTZNER, JR.

## March 15, 1961

There are two questions raised. The first question is whether Curtis was guilty of conduct which contributed to the accident.

The evidence shows that these boys had raced on the highways several times before this particular accident, and it is uncontradicted they were racing south on the highway. In regard to their racing north on the highway, after they had completed their race in a southerly direction, there is no direct testimony from the plaintiff or the defendant. The plaintiff Stephens said he does not remember what happened; he was unconscious for some forty hours after the accident, and he does not remember what happened from a point some distance south of the point where the accident occurred. That, of course, is not unusual when a person has had a severe concussion and is unconscious for some time. Nature seems to blot out the knowledge of things that happened immediately before the blow.

The defendant, although present, did not testify.

So we get to the question largely on the evidence of the eyewitnesses. Without going over all the evidence or reciting the details of the testimony, it seems very clear to the Court that these young men were racing at the time or immediately prior to the time the accident happened. The evidence shows as they came across the track just south of the scene of the accident they were traveling far in excess of the speed limit — seventy or eighty miles an hour it has been estimated — and they were running neck and neck. Just prior to that they had been passing cars. These boys were not strangers to each other. They had just finished a race south on the road.

The Court is of the opinion that the plaintiff has proved by a preponderance of the evidence that they were racing north on the road at the time of this accident and that the accident resulted from their racing. The Court holds that they were racing; that the defendant Curtis was negligent in driving in a reckless manner and driving at an excessive rate of speed and in failing to yield to a passing car. His conduct in all of that, including the racing, constituted a proximate cause of this accident.

The second question is whether Va. Code § 8-627 allows contribution in a case of this type. This issue has been briefed by the defendant but not by the plaintiff; it was not specifically raised in the grounds of defense.

The Court will grant the plaintiff's request for time to submit a brief and will take that phase of the case under advisement. The Court will receive anything additional from the defendant he cares to submit on the question of contribution. The Court will reserve its judgment on the case, pending its determination of the question raised by § 8-627. Please submit briefs in two weeks and reply briefs within another week.

April 12, 1961

Herbert E. Goring sued Roland C. Stephens and Joseph M. Curtis for damages arising from an automobile accident. Thereafter, Goring was paid $21,000.00 on behalf of Stephens in settlement of the case. Curtis refused to participate in the settlement.

This action was brought by Stephens under § 8-627, Va. Code of 1950, seeking contribution in the amount of $10,500.00 from Curtis. The parties entered into a stipulation which considerably narrowed the issues, waived a jury, and submitted the case to the court for determination. At the conclusion of the plaintiff's evidence, the defendant rested without introducing any evidence.

The first question presented by this case is whether Curtis would have been liable to Goring. The court found, from the evidence and for reasons stated from the bench, that Stephens and Curtis were racing at the time Stephens collided with Goring. Curtis therefore was a joint tortfeasor. *Oppenheimer v. Linkous*, 159 Va. 250, 165 S.E. 385 (1932).

The second question is whether contribution can be enforced. Since, as a general rule, there was no contribution among joint tortfeasors at common law, the determination of this issue depends upon the construction of § 8-627, Code of 1950, which provides "Contribution among wrongdoers may be enforced when the wrong is a mere act of negligence and involves no moral turpitude." It is with this issue that this opinion is primarily concerned.

Curtis, while not conceding that he and Stephens were racing, contends that if they were racing, Stephens is not entitled to contribution under the statute. He asserts that the statute is not applicable because Stephens was guilty of more than a mere act of negligence, that racing involved an intent to compete and is a deliberate and willful act.

The defendant cites *Boward v. Leftwich*, 197 Va. 227, 89 S.E.2d 32 (1955). This case involved the duty owed to a trespasser. In the opinion, Mr. Justice Buchanan carefully distinguished wanton negligence from gross negligence and mere or ordinary negligence. The defendant emphasizes the distinction between mere negligence and other degrees and kinds of negligence. The difficulty in relying upon this case to interpret the contribution statute results from the fact that the statute does not speak of *mere* negligence. The wrong which the statute describes is "a *mere act* of negligence and involves no moral turpitude."

The court is of the opinion that the statute embraces the several degrees and kinds of negligence and allows contribution providing the wrong involves no moral turpitude. If the statute were limited to mere negligence, as the defendant contends, it would seem that the phrase concerning moral turpitude is surplusage, for it is difficult to find moral turpitude in a wrong that involves only mere negligence.

The cases from other jurisdictions denying contribution when gross negligence is involved are not persuasive authority because they apply the common law or statutes different from Virginia's.

Three Virginia cases mention gross negligence in connection with the contribution statute. *Hill Hardware Corp. v. Hesson*, 198 Va. 425, 94 S.E.2d 256 (1956); *McKay v. Citizens Rapid Transit Co.*, 190 Va. 851, 860, 59 S.E.2d 121, 125 (1950), citing *Dixon v. Owen* (appeal refused); and *Goode v. Courtney*, 200 Va. 804, 108 S.E.2d 396 (1959). In *Goode v. Courtney, supra*, the plaintiff's decedent apparently was guilty of gross negligence, and the defendant was charged with negligence and gross negligence. In *Hill Hardware v. Hesson, supra*, and *Dixon v. Owen, supra*, the parties seeking contribution apparently were not guilty of gross negligence, but gross negligence was an issue in determining the defendants' liability. The issues considered in the cases are not decisive of the case at bar. The import of the opinions, however, particularly *Goode v. Courtney, supra*, leads this court to the conclusion that the Supreme Court of Appeals has considered the contribution statute to be applicable to wrong involving gross negligence.

The defendant emphasizes the argument that racing is a deliberate, intentional act, and for that reason, the statute is not applicable. The motion for judgment alleges in part that Curtis engaged in a race with Stephens and

that both were negligent. Curtis denied racing and the allegation of his negligence. Curtis stated in paragraph 8 of his grounds of defense "That the sole proximate cause of the collision complained of was the negligence of the plaintiff Roland Clyde Stephens." Thus, both parties presented to the court an issue based solely on negligence. The defendant, however, without seeking to amend his pleadings, now contends that "Stephens was guilty of more than gross negligence. His conduct amounted to more than a failure to exercise slight care. It was founded on an intentional breaking of the law and the deliberate performance of an act which the plaintiff himself said was likely to produce injury, and hence amounted to a willful wrong." (Defendant's reply memorandum.)

It has been suggested that Curtis, by pleading that the sole proximate cause of the accident was the negligence of Stephens, is precluded from defending on the argument quoted above. Be that as it may, the court will briefly consider his present contention.

The evidence showed that neither Curtis nor Stephens intended to do a wrong to Goring. Stephens did not intentionally or willfully collide with him. The evidence did show that Stephens and Curtis deliberately, intentionally, and willfully raced and that the race, in the contemplation of the law, was the proximate cause of Goring's injuries. It does not follow, however, that because the race was deliberate and willful that it is a wrong for which contribution cannot be enforced.

The liability of Stephens and Curtis to Goring was based on negligence, not on trespass. Stephens and Curtis owed Goring the duty to exercise ordinary care in the operation of their vehicles. They breached this duty by willfully racing. The breach of this duty was negligent conduct with respect to Goring and others lawfully using the highway. It is conduct specifically made reckless driving by § 46.1-191, Va. Code of 1950, and punishable as a misdemeanor. The liability of Curtis for contribution is based on his breach of duty to Goring.

It is common knowledge that many acts of negligence causing automobile accidents are the result of willful, intentional, deliberate driving. Motorists operating at excessive speeds usually intend to willfully drive fast. Nevertheless, a suit brought for an accident based on excessive speed is properly based on negligence, the breach of the duty to drive within the speed limit. Other examples are almost too numerous to mention, the driver who deliberately and intentionally passes over a double white line on the crest of a hill and collides with an oncoming car; the driver who intentionally and willfully runs a red light or a stop sign and collides at an intersection. The foregoing conduct and many other similar types are all the basis of actions

brought on the theory of negligence. The fact that the manner of driving was intentional makes it nonetheless negligent. In cases involving automobile accidents, the outcome usually depends on the existence of negligence, in its several degrees and kinds, not on the cause of the negligence.

When we turn to the contribution statute, we find that the General Assembly has made the existence of negligence, not its cause, the test of liability.

This is qualified, however, by the requirement that the wrong must not involve moral turpitude. No case has been cited to the court holding that racing involves moral turpitude. The court is of the opinion that under the principles expressed by the Supreme Court of Appeals for the determination of crimes of moral turpitude, the conduct of Stephens did not involve moral turpitude. See *Parr v. Commonwealth*, 198 Va. 721, 96 S.E.2d 160 (1957).

Judgment will be awarded Stephens in the amount of $10,500.00 and costs.