## CIRCUIT COURT OF FAIRFAX COUNTY

Springbelt Business Center
Limited Partnership

    v.

Fairfax County

April 1, 1988

Case No. (Law) 74155

By JUDGE THOMAS A. FORTKORT

This matter is before the Court on Defendant's Motion for Summary Judgment. The Court has carefully reviewed the pleadings, evidence, and applicable authority, as well as the briefs and arguments of counsel. For the reasons specified below, Defendant's motion is granted.

In its Motion for Declaratory Judgment, Plaintiff sets forth three causes of action, two of which are challenged by Defendant's present motion. By the first of these two, Plaintiff alleges that Defendant breached a commercial lease agreement when it vacated its leasehold in Plaintiff's warehouse. In the second claim, Plaintiff alleges that Defendant, by attempting to purchase the warehouse and the threatened condemnation action inherent in that purchase, interfered with Plaintiff's ability to secure additional tenants and reduced the property's value. These actions, Plaintiff contends, constitute a taking of its property through inverse condemnation for which Plaintiff is entitled to compensation.

As to the first claim, Defendant admits that it entered into a lease with Plaintiff but denies that a breach ever occurred. In its Motion for Summary Judgment,

Defendant contends that at the time it vacated the premises, the lease had expired by its own terms since the County Board of Supervisors failed to appropriate funds for rental during fiscal year 1987, a condition precedent to Defendant's continued performance under the lease.

The Court finds that, as a matter of law, Defendant did not breach its lease under the circumstances of this case. Although the initial term of the lease was three years, Para. IV of the Addendum provides that "continued occupancy [was] dependent upon the appropriation of funds for the leasing of the Premises at the beginning of each fiscal year by the . . . Board of Supervisors of Fairfax County." No such funds were appropriated for fiscal year 1987. Consequently, under the same paragraph, the lease expired by its own terms at the end of fiscal year 1986.

As to the second claim, Defendant argues in its Motion for Summary Judgment that whatever actions the County may have taken in contemplation of purchasing the warehouse, they did not amount to inverse condemnation, but rather constituted condemnation blight and expense incident to possible or proposed condemnation. Defendant cites a number of Virginia cases for the proposition that condemnation blight does not amount to a taking for which compensation is available.

Plaintiff argues that these cases only limit their recovery to the fair market value of the lease, rather than the actual contractual value which Springbelt avers is a much higher sum. Since Virginia does allow recovery on the theory of inverse condemnation, for which the measure of damages is the loss of the fair market value of the property; and the fair market value of this property is tied to its value as a rental property; then Plaintiff Springbelt is entitled to recover as its loss of fair market value, the loss of the fair market value of its leases. This argument, both elegant and innovative, effectively destroys the case law advanced by the County. However, these Virginia cases do not simply define the quantum of damages. Rather, they stand for the proposition that the doctrine of inverse condemnation will not support recovery for loss of potential rents by whatever method plaintiff might elect to quantify such loss. The County's Motion for Summary Judgment on these grounds is well taken.

Plaintiff further raises an important procedural bar to the County's Motion for Summary Judgment. In the case of *Goode Adm'r v. Courtney*, 200 Va. 804 (1959), our Supreme Court established the general proposition that summary judgment cannot be substituted for a demurrer. In the case at bar, the County, in its motion for summary judgment, asserts that taking all of Plaintiff's claims as proven, their motion is deficient at law and summary judgment should be granted.

The *Goode* case also involved a summary judgment on the basis that the Plaintiff failed to state a cause of action. Plaintiff argues that *Goode* is dispositive and summary judgment cannot be granted.

Plaintiff misapplies the teaching in *Goode*. Although the *Goode* Court restated the rule that "a motion for summary judgment is not to be used as a substitute for a demurrer," 200 Va. at 807, the rationale for the rule indicates that the general rule does not preclude entry of summary judgment under the circumstances of this case.

In stating the rule, the *Goode* Court relied on *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1 (1954). In that case, as in the case at bar, the motion for summary judgment set forth grounds which would support a demurrer. The Court found that the trial court erred in granting summary judgment. The Supreme Court pointed out that there is a distinct difference between a demurrer and a motion for summary judgment, one that is essential to the disposition of the instant case:

> When a demurrer is sustained, there is not necessarily a finality to the case *since the pleading may be amended*, while sustaining a motion for summary judgment is a final disposition of the case.

196 Va. at 6 (emphasis added). Once summary judgment is granted, there is no occasion to amend the pleadings, since the judgment is final. Thus, it would be error to grant summary judgment for failure to state a cause of action when the defect could easily be cured by amendment. In short, *Goode* and *Carwile* stand for the proposition that a motion for summary judgment should not be used as a substitute for a demurrer if granting it would effec-

tively preclude the assertion of an otherwise cognizable claim by way of amendment.

In the case at bar, although Defendant's Motion for Summary Judgment sets forth a ground which also would support a demurrer, neither *Goode* nor *Carwile* preclude a ruling in Defendant's favor. Nothing Plaintiff could do by way of amendment can change the fact that no cause of action for inverse condemnation exists for the injuries of which Plaintiff complains. Plaintiff simply cannot recover on its theory because there was no taking for which compensation may be lawfully awarded. At most, Plaintiff's Motion for Declaratory Judgment alleges condemnation blight which is " 'the debilitating effect upon value of a threatened, imminent or potential condemnation'." *Pearsall v. Richmond Redevelopment and Housing*, 218 Va. 892, 894 (1978) (citations omitted). Although the County's actions may have had an adverse impact on Plaintiff's property value, they do not constitute a taking for which compensation is available. *Id.* at 905 and *State Highway Com. v. Kreger*, 128 Va. 203, 212 (1920).

Consequently, since Plaintiff's claim of inverse condemnation will not support recovery for the only damages claimed or available to be claimed, summary judgment is granted. Indeed, it would be anomalous to deny summary judgment and permit the case to go to the finder of fact when, as a matter of law, Plaintiff is not entitled to recover.