# CIRCUIT COURT OF FAIRFAX COUNTY

Rebarick

    v.

Georgetown Woods
Owners Association

June 11, 2003

Case No. (Chancery) 179732

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on May 16, 2003, on Complainant Rebarick's Motion for Summary Judgment and was taken under advisement to determine whether Complainant's motion should be granted. For the reasons set forth in this letter opinion, the Motion for Summary Judgment is granted. Complainant's request for attorney's fees associated with this motion is denied.

Complainant Rebarick filed her Bill of Complaint on August 8, 2002, against Respondent Georgetown Woods Owners Association. Rebarick asserts that the Owners Association failed to respond to her request and make available certain Association books and records within the time set out in Va. Code § 55-508, the Virginia Property Owners' Association Act, that the Board of Directors cancelled its monthly meetings in violation of the Association By-Laws, and that the Board of Directors held an executive session at its June 12, 2002, board meeting in violation of the Act. This Bill of Complaint is the third suit filed by Rebarick against the Owners Association within the last fourteen

months.[1] The first two cases filed by Rebarick against the Owners Association were dismissed on summary judgment.[2]

Respondent Owners Association filed a cross-bill to the instant Bill of Complaint seeking recovery under Va. Code § 55-515 of $15,607.83 in attorney's fees and costs incurred in defending the previous two suits and for an award of attorney's fees and costs in defending against the instant Bill of Complaint. Rebarick moved for summary judgment claiming that *res judicata* bars the cross-bill.[3]

## *Analysis*

Summary judgment provides the trial courts with the authority to bring litigation to an end at an early stage, when it clearly appears that one of the parties is entitled to judgment within the framework of the case as made out by the pleadings. *Goode, Adm'r v. Courtney*, 200 Va. 804, 807-08, 108 S.E.2d 396 (1959). Summary judgment is appropriate in those cases where no material fact is genuinely in dispute and where the only dispute concerns a pure question of law. Rule 2:21 of the Rules of the Virginia Supreme Court. *Goode, Adm'r* at 807-08 (citing *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 5, 82 S.E.2d 588 (1954)).

In her Motion for Summary Judgment, Rebarick asserts that any claim for attorney's fees and costs allegedly incurred by the Owners Association in the prior two chancery actions should have been made in those proceedings. As well, under Rule 1:1 of the Rules of the Supreme Court of Virginia, the two prior orders were final, therefore the cross-bill is barred by *res judicata*.

The Owners Association argues that *res judicata* does not apply because Rebarick cannot establish the four elements necessary to invoke *res judicata*. Specifically, Rebarick cannot prove that the Owners Association raised the issue of attorney's fees in the prior lawsuits or that the Court acted on the attorney's fees issue. The Owners Association further argues that Rule 1:1 does not apply in this case because the subject of attorney's fees was never

---

[1] C172844 was filed on June 8, 2001. C176747 was filed on February 7, 2002. The instant case was filed on August 8, 2002.

[2] C172844 was dismissed on summary judgment on March 15, 2001. C176747 was dismissed on summary judgment on June 4, 2002.

[3] Respondent refers to their cross-bill as a counterclaim. Because the Court is sitting in equity, this pleading will be referred to as a cross-bill throughout this letter opinion.

raised during the prior two suits. Therefore, the Court did not have power to adjudicate the attorney's fees issue.

Under Va. Code § 55-515 of the Virginia Property Owners' Association Act, the prevailing party in an action to enforce compliance with the Act "shall be entitled to recover reasonable attorney's fees and costs expended in the matter." However, a court's jurisdiction to award attorney's fees is lost twenty-one days after entry of a final order, unless the final order reserves jurisdiction to the circuit court to award attorney's fees at a later time. *Commonwealth v. Residents*, 00 VAP Unp 0769992, 2000 Va. App. LEXIS 232 (Va. App. 2000);[4] Rule 1:1 of the Rules of the Virginia Supreme Court. A court order is final where it "disposes of the whole subject, gives all relief that was contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the decree." *Id.* (citing *Richardson v. Gardner*, 128 Va. 676, 683 (1920)).

In the instant case, the Owners Association seeks attorney's fees and costs under § 55-515 for defending against actions where final orders were entered in March 2002 and June 2002 respectively. Neither final order included language reserving jurisdiction to the Circuit Court to award attorney's fees at a later date. The Owners Association did not file its cross-bill requesting an award of attorney's fees incurred in these two prior chancery suits until September 3, 2002, well beyond the twenty-one days after the entry of the final orders. Therefore, the Circuit Court is without jurisdiction to consider the relief requested in the cross-bill as it relates to attorney's fees and costs for C172844 and C176747. Summary judgment as to attorney's fees and costs for C172844 and C176747 is granted.

The request for an award of attorney's fees and costs for defending against the instant cause of action contained in the cross-bill is currently within the jurisdiction of the Court and shall remain pending as a cross-bill.

---

[4] In *Commonwealth v. Residents*, the Appeals Court overturned the circuit court award of attorney's fees and costs, authorized under § 9-6.14:21, because the fees were awarded more than 21 days after the entry of the final order in the matter.