## CIRCUIT COURT OF FAIRFAX COUNTY

Doris A. Pierce

    v.

John W. Anderson

October 6, 2003

Case No. (Chancery) 179317

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on October 3, 2003, on Respondent John W. Anderson's Motion for Partial Summary Judgment. This case was taken under advisement to determine whether the Motion should be granted. For the reasons set forth in this opinion letter, the Motion for Partial Summary Judgment is granted.

*Facts*

This action arises out of a will contest challenging the validity of a will executed by the decedent, Rita E. Woods. On November 8, 1991, Decedent executed a will naming her stepdaughter, Doris A. Pierce, as the sole beneficiary of her estate. In June 1995, Decedent became acquainted with John W. Anderson.

On May 6, 1999, the Decedent executed another will revoking all earlier wills. The 1999 Will names Respondent as the executor and primary beneficiary of Decedent's estate. Also, on May 6, 1999, Decedent executed a Durable General Power of Attorney naming Respondent as her attorney in fact.

Decedent passed away in February of 2002. The 1999 Will was offered for probate and Respondent qualified as executor of Decedent's estate. Complainant filed her Bill of Complaint on July 16, 2002, challenging the circumstance surrounding the execution of the 1999 Will and the Durable General Power of Attorney. The Bill of Complaint alleges that Respondent

entered into a pattern of conduct intending to exert undue influence and control over Decedent through lies, coercion, fraudulent promises of marriage, and other acts of fraud.

*Respondent John W. Anderson's*
*Motion for Partial Summary Judgment*

Respondent brings this Motion for Partial Summary Judgment as to any claim based upon Respondent's alleged fraudulent promise to marry the Decedent while she was alive. Respondent notes that, in order to sustain a claim for actual fraud, the Complainant must prove a false representation, of a material fact, made intentionally and knowingly, with the intent to mislead, reliance by the party misled, and resulting damage. *ITT Hartford v. Virginia Financial Assoc.*, 258 Va. 193, 203, 520 S.E.2d 355, 361 (1999). Also, the fraud must relate to a present or a pre-existing fact and cannot ordinarily be predicated on unfulfilled promises or statements as to future events. *Patrick v. Summers*, 235 Va. 452, 454, 369 S.E.2d 162, 164 (1988). Respondent asserts that in any action for fraud, reliance on false statements must be based on a right to rely, *Foremost Guar. Corp. v. Meritor Sav. Bank*, 910 F.2d 118, 125-26 (4th Cir. 1990), and that Complainant must demonstrate that the Decedent's reliance upon Respondent's representation was reasonable and justified. *Meridian Title Ins. Co. v. Lilly Homes, Inc.*, 735 F. Supp. 182, 185 (E.D. Va. 1990).

Upon this background, Respondent notes that, in 1968, Virginia passed the Heart Balm Act, which bars all actions based upon a breach of a promise to marry. Va. Code § 8.01-220. Complainant cannot claim that Decedent reasonably relied upon a promise to marry which is unenforceable under the Heart Balm Act.

*Analysis*

Summary judgment provides the trial courts with the authority to bring litigation, or portions of it, to an end at an early stage, when it clearly appears that one of the parties is entitled to judgment within the framework of the case as made out by the pleadings. *Goode, Adm'r v. Courtney*, 200 Va. 804, 807-08, 108 S.E.2d 396, 399 (1959). Summary judgment is appropriate in those cases where no material fact is genuinely in dispute and where the only dispute concerns a pure question of law. Rule 2:21 of the Rules of the Virginia Supreme Court; *Goode, Adm'r v. Courtney*, 200 Va. 804, 807-08, 108 S.E.2d 396 (citing *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 5, 82 S.E.2d 588 (1954)).

The Heart Balm Act states in relevant part that "notwithstanding any other provision of law to the contrary, no civil action shall lie or be maintained in this Commonwealth for alienation of affection, *breach of promise to marry*, or criminal conversation upon which a cause of action arose or occurred on or after June 28, 1968." Va. Code § 8.01-220(A) (1950) (emphasis added). As such, Virginia does not allow recovery for a breach of a promise to marry. *Id.* Similarly, a fraudulent promise to marry would not be recoverable in Virginia. Whether a promise to marry is sincerely made or fraudulent is irrelevant; Virginia courts are without power to enforce a promise to marry or allow recovery for its breach.

In this case, Complainant alleges that Respondent entered into a pattern of conduct intending to exert undue influence and control over Decedent through lies, coercion, fraudulent promises of marriage, and other acts of fraud. The gravamen of the complaint is that the Respondent exerted undue influence and control over the Decedent. To establish undue influence, Complainant wishes to rely on, among other things, Respondent's alleged fraudulent promises to marry. Even assuming the Respondent did make such a fraudulent promise, this cannot be a basis for which the Complainant may rely to establish undue influence. "No civil action shall lie or be maintained in this Commonwealth for … breach of promise to marry." *Id.* The Heart Balm Act does not allow a cause of action based on breach of promise to marry. Hence, Complainant may not rely of fraudulent promises to marry as an element of undue influence.

Complainant relies on *Harrison v. Yarbough* to establish that the purpose of the Heart Balm Act is to bar recovery for emotional injuries, such as humiliation, and not to bar action for recovery of property. In *Harrison*, plaintiff gave the defendant an engagement ring and other property in anticipation of marriage. *Harrison v. Yarbough*, At Law No. 109240, 1992 WL 884620, *1 (Va. Cir. Ct.). The parties' relationship terminated, and defendant failed to return the property. *Id.* Defendant sought a demurrer in part on the ground that the Hart Balm Act prevented a cause of action for breach of promise to marry. *Id.* The Court in *Harrison* characterized the engagement ring as a conditional gift. *Id.* Noting that Virginia courts have not yet construed the scope of the Act, the Court overruled the demurrer. *Id.* at *2. The Court, following the majority view, determined that "the Heart Balm Act simply bars actions for damages from the breach, such as humiliation, but does not preclude actions to recover property given as [conditional] engagement gifts, or there value." *Id.* In the present suit, Complainant's reliance on *Harrison* is misplaced. Complainant is not seeking to recover property that was given by her as a conditional engagement gift. Rather, Complainant seeks to recover property that was never hers. The property belonged to the

Decedent. Further, there is no allegation that the Decedent gave any property to Respondent as a gift conditioned of his promise to marry her.

The Heart Balm Statute will not allow a civil action to lie based on fraudulent promises to marry. To the extent that Complainant bases her claim on fraudulent promises to marry, Respondent's Motion for Partial Summary Judgment is granted.