## CIRCUIT COURT OF FAIRFAX COUNTY

William L. Rowland

v.

State Farm Fire
and Casualty Co. et al.

October 14, 2003

Case No. (Law) 207244

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on September 5, 2003, on Defendant Rudy Shield's Motion for Summary Judgment and Defendant State Farm's Demurrers. This case was taken under advisement to determine whether the Motion for Summary Judgment and/or the Demurrer should be granted. For the reasons set forth in this opinion letter, the Motion for Summary Judgment and the Demurrer are ruled upon in the following manner. Rudy Shield's Motion for Summary Judgment is denied. State Farm's Demurrer is overruled.

### Facts

This action arises out of a dispute involving claims against an insurance policy to recover for destroyed personal property. At all times material, Plaintiff, William L. Rowland, had a homeowner's insurance policy (the "policy" or "contract") issued by Defendant State Farm Fire and Casualty Company ("State Farm") insuring the structure and contents of Rowland's principle residence located at 3444 Tuckahoe Court in Dumfries, Virginia. The policy would also cover losses of coverage B (personal property)

located somewhere other than the insured's principle residence up to $1,000.00 or 10% whichever is greater. Defendant Rudy Shields was the State Farm Agent who sold the policy to Rowland.

On November 24, 2001, a fire destroyed a single family home on 9403 Rain Tree Road in Burke, Virginia. The residence was owned by Ann Crouch, believed to be the significant other of Rowland. Rowland alleges that certain items of personal property owed by him were located at Crouch's residence and were destroyed as a result of the fire.

Rowland sought to recover 100% of his losses from the personal property owned by him that was destroyed by the fire at the Crouch residence from State Farm. Disputes arose out of Rowland's claim leading to this action.

*Analysis*

## I. *Defendant Rudy Shields' Motion for Summary Judgment*

Summary judgment provides the trial courts with the authority to bring litigation to an end at an early stage, when it clearly appears that one of the parties is entitled to judgment within the framework of the case as made out by the pleadings. *Goode, Adm'r v. Courtney*, 200 Va. 804, 807-08, 108 S.E.2d 396, 399 (1959). Summary judgment is appropriate in those cases where no material fact is genuinely in dispute and where the only dispute concerns a pure question of law. Rule 2:21 of the Rules of the Virginia Supreme Court; *Goode, Adm'r v. Courtney*, 200 Va. 804, 807-08, 108 S.E.2d 396 (citing *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 5, 82 S.E.2d 588 (1954).

This Court has taken Shields' Motion for Summary Judgment under advisement. Rowland seeks to recover from Shields for negligent performance of contractual obligations, misrepresentation, and negligent failure to obtain adequate coverage amounts or negligent underwriting of insurance.

There is a fatal flaw in the Shields' Motion for Summary judgment. It appears from his Motion that Shields' seeks relief "pursuant to Rule 3:18 of the Supreme Court of Virginia." Shield's Memorandum of Law in Support of Motion for Summary Judgment, p. 3. Shields' then goes on to assert that "Plaintiff's Motion for Judgment must be dismissed because of failure to state a sufficient cause of action." *Id.* Failure to state a sufficient cause of action should be challenged through a demurrer. See Va. Code. Ann. § 8.01-273(A). A motion for summary judgment may not be granted based on Plaintiff's failure to state a cause of action.

Rule 2:21 of the Rules of the Supreme Court of Virginia provides that "summary judgment shall not be granted if any material fact is generally in dispute." The present case has many facts in dispute. Rowland claims that Shields knew that Rowland would keep property temporarily at the Crouch residence and led Rowland to believe is would be covered. Rowland claims that Shields informed Rowland that his claim would be covered 100% less his deductible. This has all been denied by Shields.

Virginia courts recognize, as Shields points out, "that one who signs an application for life insurance without reading the application or having someone read it to him is chargeable with notice of the application's contents and is bound thereby." *General Ins. of Roanoke v. Page*, 250 Va. 409, 412, 464 S.E.2d 343, 344 (1995) (citing *Peoples Life Ins. Co. v. Parker*, 179 Va. 662, 667, 20 S.E.2d 485, 487 (1942)). And, perhaps, Rowland was negligent by not carefully reading the insurance contract that he signed. However, Rowland alleges that Shields misrepresented the contents of the insurance contract and led Rowland to believe that his property at the Crouch residence would be covered 100%. At this preliminary stage in the litigation:

> a trial court, in considering a motion for summary judgment, must adopt those inferences from the facts that are most favorable to the nonmoving party, unless such inferences are strained, forced, or contrary to reason. Conversely, the trial court is not permitted to adopt inferences from the facts that are most favorable to the moving party.

*Renner v. Stafford*, 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993) (citations omitted).

This case does have several facts in dispute. Among the disputed facts is Shields' alleged misrepresentation of the contents of the insurance contract. Misrepresentation is a species of fraud which is a cognizable cause of action in Virginia. And the Supreme Court of Virginia has upheld an award against the agent of an insurance company for misrepresenting the contents of an insurance contract. See *Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 331 S.E.2d 490 (1985). "One cannot, by fraud and deceit, induce another to enter into a contract to his disadvantage, then escape liability by saying that the party to whom the misrepresentation was made was negligent in failing to learn the truth." *Id.* at 631, 331 S.E.2d at 492 (1985) (citing *Cerriglio v. Pettit*, 113 Va. 533, 544, 75 S.E. 303, 308 (1912)). It is not for this Court, at this preliminary stage in the litigation, to evaluate the quality of Rowland's

proof or to search for evidence of contributory negligence. These are facts that should be established at trial. Defendant's Shields' Motion for Summary Judgment is denied.

## II. *Defendant State Farm's Demurrer*

A demurrer tests whether the plaintiff's pleading states a cause of action upon which relief can be granted. Va. Code. Ann. § 8.01-273(A). All reasonable inferences fairly and justly drawn from the facts alleged must be considered in the aid of the pleading. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 375 (1988). On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleading. See Rule 1:4(i) (mention in pleading of accompanying exhibit makes exhibit part of pleading). In ruling on a demurrer, the court may not evaluate and decide the merits of a claim; it may only test the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993).

This Court took State Farm's demurrer as to Count V under advisement. In Count V, Rowland seeks to recover for Negligent Performance of Contractual Obligations. State Farm relies heavily on *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 507 S.E.2d 344 (1998). *Richmond Metropolitan* recognizes "a party can, in certain circumstances, show both a breach of contract and a tortious breach of duty. However, 'the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract'." *Id.* at 558, 507 S.E.2d at 347 (citing *Spencer v. Norfolk & W. RR.*, 92 Va. 102, 116, 22 S.E.2d 815, 818 (1895)). The Court makes it clear that a party may not recover for negligent breach of a contract absent a corresponding common law duty. *Id.* (citing *Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991).

State Farm contends that it has no separate, corresponding common law duty apart from the insurance contract. Under normal circumstances, this would be true. However, it is well settled in Virginia that "under the doctrine of *respondeat superior,* an employer is liable for the tortious act of his employee if the employee was performing his employer's business and acting within the scope of his employment." *Kensington Associates v. West*, 234 Va. 430, 432, 362 S.E.2d 900, 901 (1987) (citing *McNeill v. Spindler*, 191 Va. 685, 694, 62 S.E.2d 13, 17 (1950)). State Farm may retain liability for tortious acts done by its agent, Fields. It is, therefore, necessary for the

Court to analyze Rowland's Count V to determine if it alleges a tortious or negligent breach of a corresponding common law duty separate from the contract.

Rowland's Count V seeks to recover for "Negligent Performance of Contractual Obligations." As stated above, Rowland may not recover for negligent breach of a contractual duty absent a corresponding common law duty. *Richmond Metropolitan,* 256 Va. at 558, 507 S.E.2d at 347. However, if Rowland has alleged the existence of a duty, independent of any contract, then a viable cause of action may still exist against Fields and, therefore, State Farm.

Rowland is relying primarily on professional malpractice. Professional malpractice is action founded upon negligence, but it is difficult to see how Shields' legal duty arises from anything other than the insurance contract. However, Rowland also alleges that Shields represented that Rowland's property would be covered anywhere in the world and that Rowland relied on this representation. This could suggest that Rowland impliedly bases his claim on misrepresentation. Misrepresentation is an action which is based upon fraud.

> Fraud, however, is purely a tort; it involves a misrepresentation, detrimentally relied upon, that occasions a loss. *The duty to refrain from fraudulent acts is imposed by tort law, not by any contract between the parties.* The character of fraud is not changed from tort to contract merely because the parties are also engaged in a contractual relationship.

*House v. Kirby,* 233 Va. 197, 200-01, 355 S.E.2d 303, 306 (1987) (citations omitted) (emphasis added). Again, it is not for this Court to evaluate the quality of the evidence at this stage of the litigation. This Court need only identify a cognizable cause of action.

Defendant State Farm's demurrer to Count V is overruled.

### III. *Conclusion*

Defendant Rudy Shield's Motion for Summary Judgment is denied. Defendant State Farm's Demurrer as to Count V is overruled.