Present:  All the Justices

GLENN MCDERMOTT, M.D.

v.  Record No. 992028   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                    June 9, 2000
WILLIAM REYNOLDS


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      Thomas S. Shadrick, Judge


     In this appeal, we consider whether Code § 8.01-220 bars a

plaintiff's action against his former wife's paramour for

intentional infliction of emotional distress, when the conduct

alleged would support an action for alienation of affection, a

cause of action specifically prohibited by the statute.

     Glenn R. McDermott filed a motion for judgment against

William Reynolds for intentional infliction of emotional

distress based on Reynolds' alleged conduct in maintaining an

adulterous relationship with McDermott's wife.  Reynolds

demurred to the motion for judgment, asserting that McDermott's

action was "essentially one for alienation of affection" and,

thus, was barred by Code § 8.01-220.

     After hearing oral argument, the trial court concluded that

McDermott's action was "clearly a case of alienation of

affection" that was barred by Code § 8.01-220.  The trial court

entered final judgment sustaining the demurrer and dismissing

the motion for judgment.

On appeal, McDermott argues that his action for intentional infliction of emotional distress is separate and distinct from an action for alienation of affection.  He contends that Code § 8.01-220 does not prohibit his action simply because the conduct on which his action is based has "overtones" of alienation of affection.  McDermott also asserts that his damages arose from Reynolds' intentional infliction of emotional distress, not from Reynolds' alienation of the affection of McDermott's wife.  We disagree with McDermott's arguments.

A demurrer will be sustained if the motion for judgment, considered in the light most favorable to the plaintiff, fails to state a valid cause of action.  W.S. Carnes, Inc. v. Board of Supervisors, 252 Va. 377, 384, 478 S.E.2d 295, 300 (1996); see Dray v. New Market Poultry Products, Inc., 258 Va. 187, 189-90, 518 S.E.2d 312, 312-13 (1999); Mortarino v. Consultant Eng'g Serv., Inc., 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996); Luckett v. Jennings, 246 Va. 303, 307, 435 S.E.2d 400, 402 (1993).  In reviewing a trial court's judgment sustaining a demurrer, we will consider as true the facts alleged in the motion for judgment, the facts impliedly alleged therein, and the reasonable factual inferences that can be drawn from the facts alleged.  See Delk v. Columbia/HCA Healthcare Corp., 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000); Breeding v. Hensley,

2

258 Va. 207, 211-12, 519 S.E.2d 369, 371 (1999); Moore v. Maroney, 258 Va. 21, 23, 516 S.E.2d 9, 10 (1999).

As alleged in the motion for judgment, in December 1994, McDermott received a telephone call from Reynolds' wife informing him that she had just followed Reynolds and Flordeliza McDermott to a motel. McDermott had been married to Flordeliza for 18 years and they had three children. McDermott confronted Reynolds about his relationship with Flordeliza and demanded that Reynolds cease the adulterous relationship. Instead of ending the relationship, Reynolds "flaunted it outwardly."

Reynolds' conduct caused severe embarrassment and humiliation to McDermott and his three children. McDermott also alleged that by refusing his requests and continuing to "flaunt" the relationship, Reynolds acted maliciously and with the intent to cause McDermott severe emotional distress. As a result of his emotional distress, McDermott experienced sleeplessness, loss of weight, and interference with the performance of his duties as a physician. Further, Reynolds' conduct caused the "break up" of McDermott's family and required McDermott and his three children to seek counseling, resulting in financial losses to McDermott.

We first recognized the tort of intentional infliction of emotional distress in Womack v. Eldridge, 215 Va. 338, 210 S.E.2d 145 (1974). We held that a plaintiff may recover damages

3

for emotional distress resulting from a non-tactile tort if he alleges and proves by clear and convincing evidence that: (1) the wrongdoer's conduct is intentional or reckless; (2) the conduct is outrageous and intolerable; (3) the wrongful conduct and the emotional distress are causally connected; and (4) the resulting distress is severe. 215 Va. at 342, 210 S.E.2d at 148; accord Delk, 259 Va. at 136, 523 S.E.2d at 833; Jordan v. Shands, 255 Va. 492, 498-99, 500 S.E.2d 215, 218-19 (1998); Russo v. White, 241 Va. 23, 26, 400 S.E.2d 160, 162 (1991).

The statute at issue in this appeal, Code § 8.01-220, provides:

> A.  Notwithstanding any other provision of law to the contrary, no civil action shall lie or be maintained in this Commonwealth for alienation of affection, breach of promise to marry, or criminal conversion upon which a cause of action arose or occurred on or after June 28, 1968.
>
> B.  No civil action for seduction shall lie or be maintained where the cause of action arose or accrued on or after July 1, 1974.

The fact that Code § 8.01-220 does not contain a reference to the tort of intentional infliction of emotional distress does not affect our analysis, because that tort encompasses many types of conduct unrelated to the causes of action specified in the statute.  We conclude that when the General Assembly enacted Code § 8.01-220, it manifested its intent to abolish common law actions seeking damages for a particular type of conduct,

4

regardless of the name that a plaintiff assigns to that conduct. Therefore, in determining whether an action is barred by Code § 8.01-220, we consider the conduct alleged in the plaintiff's motion for judgment.

The essential basis of McDermott's claim is that the defendant had an adulterous relationship with McDermott's wife, which he continued in an open and notorious manner after being confronted by McDermott. This alleged conduct is precisely the type of conduct that the General Assembly intended to exclude from civil liability when it enacted Code § 8.01-220. Thus, the fact that McDermott labels his claim as intentional infliction of emotional distress and recites the elements of that tort in support of his action does not shield the action from the statutory bar. We must consider the nature of the cause of action pleaded, not merely its form, in determining whether a plaintiff has stated a cause of action that will permit recovery of damages for the conduct alleged. See Philip Morris Inc. v. Emerson, 235 Va. 380, 407, 368 S.E.2d 268, 282-83 (1988).

We note that our conclusion is in accord with the decisions of a majority of jurisdictions that have considered claims for intentional infliction of emotional distress with reference to statutes substantially similar to Code § 8.01-220. The rationale underlying these decisions of our sister states, like our decision here, is based on the legislative intent manifested

5

in these statutes to remove conduct of this nature from civil liability.  See, e.g., Speer v. Dealy, 495 N.W.2d 911, 914-15 (Neb. 1993); Strock v. Pressnell, 527 N.E.2d 1235, 1242 (Ohio 1988); Wilson v. Still, 819 P.2d 714, 716 (Okla. 1991); Koestler v. Pollard, 471 N.W.2d 7, 9-10 (Wis. 1991).

Our decision today reflects a disagreement with the analysis and result reached in Raftery v. Scott, 756 F.2d 335 (4th Cir. 1985).  There, the United States Court of Appeals for the Fourth Circuit considered an action in which a divorced spouse alleged that his former wife intentionally inflicted emotional distress on him by attempting to destroy his relationship with his son.  The former wife sought dismissal of the action, contending that it essentially alleged that she caused an alienation of the child's affection for his father, and that such actions are barred by Code § 8.01-220.  Id. at 338.

The Court of Appeals held that the facts of the case independently supported a claim for intentional infliction of emotional distress, although the conduct alleged had "overtones of affection alienation."  756 F.2d at 339.  The Court stated that the two torts have different characteristics and require different proof, citing as an example the requirement for intentional infliction of emotional distress that the infliction be intentional and something more than a simple aggravation.

756 F.2d at 340. Thus, the Court of Appeals focused its analysis on the elements of the two torts, rather than on the conduct asserted by the plaintiff.

In contrast, we have based our analysis on a defendant's alleged conduct because that methodology allows us to consider the legislative intent manifested in Code § 8.01-220. By using this analysis, we effectuate that intent and foreclose a revival of the abolished tort of alienation of affection asserted in the guise of an action for intentional infliction of emotional distress.

For these reasons, we will affirm the trial court's judgment.

<u>Affirmed.</u>

7