Present:  Lacy, Keenan, Koontz, Kinser, Lemons, and Agee, JJ.,
and Russell, S.J.

JOHN DOE                                OPINION BY
                                SENIOR JUSTICE CHARLES S. RUSSELL
v.   Record No. 050155                  November 4, 2005

SHOMER ZWELLING, L.C.S.W.

        FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                    AND JAMES CITY COUNTY
                 Samuel T. Powell, III, Judge

     In this action to recover damages for professional

malpractice, the plaintiff alleged that, while being treated

by the defendant, a health care provider, the defendant

breached the applicable standard of care in several respects,

including engaging in "an inappropriate and extraprofessional

relationship with Plaintiff's wife."  The sole question

presented on appeal is whether the plaintiff's cause of action

for professional malpractice is barred by Code § 8.01-220, the

"heart balm" statute.

                      *Facts and Proceedings*

     John Doe, the plaintiff,[*] brought this action against

Shomer Zwelling, a licensed clinical social worker, for

professional malpractice.  The defendant filed a demurrer to

the original motion for judgment on the ground that the

plaintiff's cause of action, while ostensibly a claim for

---

     [*] The trial court entered an order adopting the pseudonyms
"John Doe" for the plaintiff and "Sally Poe" for his wife, to
protect their privacy and that of their children.

professional malpractice, was, in fact, an action to recover damages for alienation of affection, which had been abolished by Code § 8.01-220. The court sustained the demurrer and the plaintiff, by leave of court, filed an amended motion for judgment.

Because the case comes to us upon a demurrer to the amended motion for judgment, which is complete and does not incorporate by reference allegations in the original motion for judgment, we address only the allegations contained in the amended motion for judgment. Fuste v. Riverside Healthcare Assoc., 265 Va. 127, 129-30, 575 S.E.2d 858, 860 (2003). The facts will be summarized as set forth in the amended motion for judgment, and will be considered, along with those reasonably and fairly implied from them, in the light most favorable to the plaintiff. Id.

The defendant is a licensed clinical social worker in Williamsburg, Virginia, providing professional psychotherapy and counseling services. The plaintiff's wife had been treated professionally by the defendant from early 1999 until 2001, for psychological problems and to improve the relationship between husband and wife. In 2001, the defendant suggested that the relationship between husband and wife would improve if the defendant were also to treat the husband individually. The plaintiff then entered into a professional

relationship with the defendant, who thereafter treated both husband and wife separately. During the defendant's treatment of the plaintiff, the defendant asked for intimate details concerning the plaintiff's relationship with his wife and his past sexual, emotional and social history. The defendant cautioned that the substance of these confidences should never be revealed to plaintiff's wife and intimated that she might become suicidal if she learned of them. The defendant told the plaintiff that his wife had been sexually abused as a teenager and that she could not "express love in a normal, healthy way due to the traumatic experiences she had undergone." The plaintiff was unwilling to submit to the defendant's suggested treatment consisting of "Buddhist meditation" and "spiritual meditation retreats," and the defendant then advised him to take psychotropic drugs. The defendant referred him to a psychiatrist who prescribed such drugs, which the plaintiff took.

The plaintiff concluded that both his emotional condition and his marriage were deteriorating rather than improving while he was under the defendant's care. Consequently, he withdrew from the defendant's treatment in August 2002. At about the same time, the plaintiff's wife told him that she wished to terminate the marriage.

The plaintiff thereafter discovered that the defendant had been maligning him during the treatment of his wife, disclosing to her intimate details that the plaintiff had disclosed to the defendant in confidence and that before, during, and after defendant's treatment of the plaintiff, the defendant had been "engaged in an inappropriate and extraprofessional relationship" with the plaintiff's wife. As a result, the plaintiff stated that he had suffered severe damage to his emotional health, had lost 23 pounds and had begun a heavy reliance on tranquilizing medications. The plaintiff attributed his damages entirely to the defendant's breaches of the applicable professional standard of care.

The defendant again filed a demurrer based on the effect of Code § 8.01-220. The trial court held that, notwithstanding the form of the action, the "overriding essential basis of the claim is one for alienation of affection which is barred by Va. Code § 8.01-220." The trial court sustained the demurrer and dismissed the case with prejudice. We awarded the plaintiff an appeal.

*Analysis*

Clinical social workers are among the professions defined as "health care providers" by Code § 8.01-581.1 and are thus subject to the provisions of Title 8.01, Chapter 21.1 of the Code, relating to medical malpractice. Actions against such

4

persons for professional malpractice are subject to the same laws as those governing such actions against physicians. In the present case, the plaintiff phrased his allegations in terms of the defendant's departures from the applicable standard of care. A substantial part of his claimed damages, however, arose from the effect of the defendant's conduct upon the plaintiff's marriage.

Code § 8.01-220(A) provides:

> Notwithstanding any other provision of law to the contrary, no civil action shall lie or be maintained in this Commonwealth for alienation of affection, breach of promise to marry, or criminal conversation upon which a cause of action arose or occurred on or after June 28, 1968.

We applied that section in McDermott v. Reynolds, 260 Va. 98, 530 S.E.2d 902 (2000), to an action ostensibly brought to recover damages for intentional infliction of emotional distress. There, the plaintiff contended that the defendant had carried on an adulterous relationship with the plaintiff's wife, had refused plaintiff's demand that he desist and, instead, had "flaunted it outwardly," causing the plaintiff to suffer severe emotional distress, loss of weight and interference with his ability to perform the duties of his profession. Id. at 100-01, 530 S.E.2d at 903. The trial court sustained a demurrer, holding that the action was, in reality, based on a cause of action for alienation of

5

affection and was therefore barred by Code § 8.01-220.  Id. at 100, 530 S.E.2d at 902.  We affirmed, basing our analysis upon the defendant's alleged conduct rather than upon the differences between the causes of action for alienation of affection (now barred by statute) and intentional infliction of emotional distress (still alive and well).  We adopted that approach to "foreclose a revival of the abolished tort of alienation of affection asserted in the guise of an action for intentional infliction of emotional distress."  Id. at 103, 530 S.E.2d at 904.

In McDermott, all of the plaintiff's injuries were ascribed to the effect of the defendant's conduct upon the plaintiff's marriage.  In the present case, that cannot be said.  Here, the plaintiff has alleged facts constituting breaches of the defendant's professional standard of care that would be compensable in damages even if the plaintiff were unmarried.  Such breaches might include maligning him to a third person and administering improper treatment, as well as subjecting him to the humiliation and embarrassment of having his most intimate confidences disclosed to a third party without his authorization.

*Conclusion*

The amended motion for judgment thus presents a combination of claims, some of which are barred by Code

6

§ 8.01-220 and others which are not.  Because a demurrer goes to the whole pleading to which it is addressed, it should be overruled if any part of the pleading states a cause of action upon which relief may be granted.

> "A demurrer to an entire declaration, . . . raises the question, whether or no there be matter in the declaration sufficient to maintain the action.  If the declaration contain several counts, and any one be good, it follows that there is matter enough to maintain the action. . . .  The same rule applies when there is a demurrer to a single count containing several breaches, any one of which is well assigned; or to a demurrer to a single count containing a demand of several matters which in their nature are divisible, and any one of which is well claimed. . . .  [I]f there be matter enough in the declaration to maintain the action, the demurrer must be entirely overruled."

Henderson v. Stringer, 6 Gratt. (47 Va.) 130, 133-34 (1849).

We conclude that those claims not barred by Code § 8.01-220 state a cause of action for professional malpractice and that it was error to dismiss the entire case by sustaining the demurrer.

Nevertheless, we adhere to the view expressed in McDermott, that a revival of the abolished tort of alienation of affection in the guise of another cause of action must be avoided.  Therefore, in any further proceedings upon remand, the trial court should, by appropriate rulings on the admissibility of evidence (and in the event of a jury trial, by appropriate instructions), exclude from the fact-finder's

7

consideration any effect the defendant's conduct may have had upon the plaintiff's marriage.  We will therefore reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.