# CIRCUIT COURT OF THE CITY OF SALEM

Robert Holmburg

v.

Tamara Lee Ferrell

December 5, 2005

Case No. CL05-98

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff gave a vehicle to Defendant on the condition that Defendant would marry him. The engagement failed, and the marriage did not occur. Plaintiff demands that the vehicle or its value be returned to him. He believes there was a failure of a condition precedent that prevented the conditional gift from vesting. Defendant demurrers, arguing that this is nothing more than a suit for a breach of promise to marry, and it is unenforceable because it is contrary to public policy.

Plaintiff has very carefully crafted his pleadings and arguments to avoid using language that would immediately be recognizable as dealing with the elements to a contract. Nowhere does he mention a meeting of the minds or valuable consideration. Instead he concentrates on the language and case law of gifts, arguing the failure of the condition precedent. That circumambulation notwithstanding, the Court believes that this matter can be resolved by "consider[ing] the nature of the cause of action pleaded, not merely its form, in determining whether a plaintiff has stated a cause of action that will permit recovery of damages for the conduct alleged." *McDermott v. Reynolds*, 260 Va. 98, 102 (2000). That is nothing more than the legal way of stating the architectural maxim, "Form follows function."

Looking closely at the purpose or function of this case and reducing it to its lowest common denominator, it is clear that Plaintiff is simply suing for the return of the car because the Defendant will not marry him. The legislature

prohibited actions for breach of promise to marry in 1968, declaring them to be contrary to public policy. That prohibition is contained in § 8.01-220, Code of Virginia (1950), as amended. "[W]hen the General Assembly enacted Code § 8.01-220, it manifested its intent to abolish common law actions seeking damages for a particular type of conduct, regardless of the name that a plaintiff assigns to that conduct." *Id.* at 101. See also *Doe v. Zwelling,* 270 Va. 594, 620 S.E.2d 750 (2005). Plaintiff sued for breach of promise to marry but disguised it as a conditional gift case.

In the alternative, ignoring the above line of reasoning and concentrating only on the law of conditional gift, if the condition precedent to the gift confers a benefit to the donor, it becomes consideration, not merely a gratuitous promise, and a contract exists. If that contract is founded upon illegal consideration that is both contrary to public policy and forbidden by statute, it is void and unenforceable. In this case, the cause of action arises *ex turpi causa,* and the Court will not aid its enforcement. *Maughs v. Porter,* 157 Va. 415 (1931).

For the reasons set forth above, the demurrer is granted, with prejudice.