# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Jack A. Georgalas

v.

Kimberly Kilgore

December 22, 2006

Case No. 01706-TF

BY JUDGE TIMOTHY S. FISHER

This cause came on to be heard upon plaintiff's notice and motion for judgment by default set for December 21, 2006, at 8:30 a.m. Plaintiff and counsel appeared while defendant did not appear.

The complaint was filed on September 8, 2006, with return of service indicating that service was obtained on the defendant by posting on September 13, 2006, at her address listed for service. Defendant has not filed any responsive pleadings. The file does not demonstrate literal compliance with the provisions of Virginia Code § 8.01-296(2)(b); however, plaintiff's notice and motion for judgment on default filed on November 13, 2006, was also served upon the defendant by posting on November 8, 2006, more than ten days prior to the hearing set for December 21, 2006. Therefore, for the purposes of this order, the court will consider the defendant to be in default and that the procedural requirements of the statutes and rules of court have been met up to the hearing on December 21, 2006.

The question raised by the court at the hearing to plaintiff's counsel and the question to be decided concerning the entry of judgment by default is whether the complaint states a cause of action.

"As a general proposition, a default judgment is valid if the trial court had territorial jurisdiction, subject-matter jurisdiction, and if adequate notice has been given to the defaulting party. But one of the bases upon which such a judgment may be invalidated is when the motion for judgment fails to state a cause of action. . . ." *Landcraft Co. v. Kincaid*, 220 Va. 865, 870, 263 S.E.2d 419 (1980).

The allegations of the complaint, without being repeated herein verbatim, allege that "plaintiff gave to the defendant an engagement ring valued at $24,689.98" and that such ring was a "gift in contemplation of marriage and conditioned upon the marriage of plaintiff and defendant" and that, subsequently, the engagement was terminated and plaintiff now seeks return of the engagement ring or, alternately, the value of the ring in the sum of $24,689.98. (The party who terminated the engagement is not specified.)

Virginia Code § 8.01-220 states as follows:

> *Notwithstanding any other provision of law to the contrary*, no civil action shall lie or be maintained in this Commonwealth for alienation of affection, breach of promise to marry, or criminal conversation upon which a cause of action arose or occurred on or after June 28, 1968.

(Emphasis added.)

The position of the plaintiff is that this action is not barred by Virginia Code § 8.01-220, but is simply an attempt to enforce the return of a conditional gift or its alternate value when the condition was not met. The plaintiff cites in support of his position two circuit court decisions in *Harrison v. Yarbrough*, a 1992 decision of the Circuit Court of Fairfax, and *Branscome v. Schaus*, a March 21, 2006, decision of the Circuit Court of Nelson County. Those two decisions are in direct conflict with a decision of the Circuit Court of the City of Salem in *Holmburg v. Ferrell*, 69 Va. Cir. 348 (2005). This court finds the decision and reasoning stated in *Holmburg*, to be more persuasive.

Without question, a simple review of the pleadings would indicate that, if the plaintiff and defendant in this case had married, the complaint would not have been filed. Because the plaintiff and defendant did not marry, the plaintiff now complains that his engagement ring delivered to the defendant was a "conditional gift" and, therefore, seeks the return of the ring or its alternate value. There is little question this action simply seeks damages incurred as a result of a "breach of promise to marry." As such, there is no cause of action as it is barred pursuant to Virginia Code § 8.01-220. *Doe v. Zwelling*, 270 Va. 594, 620 S.E.2d 750 (2005).

Additionally, should there be a consideration of pursuing this matter as a "conditional gift," it would appear that the reasoning of *Holmburg*, which cites the decision of the Supreme Court of Virginia in *Maughs v. Porter*, 157 Va. 415, 161 S.E. 242 (1931), would appear to accurately describe the state of the law.

The basis for the condition of the conditional gift in this case would be void as against public policy. An agreement made in violation of a statute is void. See *Hughes v. Cole*, 251 Va. 3, 465 S.E.2d 820 (1996).

This court is aware of a subsequent decision of the Circuit Court of Fairfax County in *Pierce v. Anderson*, 63 Va. Cir. 207 (2003), which distinguished *Harrison v. Yarbrough*, without disapproving the decision, by stating, in *Pierce*, "complainant is not seeking to recover property that was given by her as a conditional engagement gift." Further, also in the Circuit Court for Fairfax, in *Reynolds v. Reynolds*, 1999 Va. Cir. LEXIS 571, the court in an equitable distribution ruling observed as follows: "The engagement ring, while marital, is the subject of an unusual conditional gift in that the wife received it not on condition of the marriage but upon promise to return it in the event of separation. The engagement ring shall be the property of the husband."

Interestingly and perhaps not necessary for the decision in this case, it would also appear the agreement as recited by the plaintiff in the complaint would be invalid pursuant to Virginia Code § 11-2.5. That statute provides that, "any agreement made upon consideration of marriage," shall be in writing and that, absent that writing, "no action shall be brought. . . ."

Accordingly, the plaintiff's Motion for Default Judgment is denied, and, as the court is unable to enter a default judgment having determined that the complaint fails to state a cause of action, the complaint is dismissed with prejudice.