# CIRCUIT COURT OF THE CITY OF NORFOLK

Hayward Cuthrell

v.

Charles F. McKeller
and Antioch Missionary
Baptist Church

June 28, 2007

Case No. CL06-4170

BY JUDGE JOHN C. MORRISON, JR.

This case came before the Court on May 30, 2007, for hearing on Defendant, Antioch Missionary Baptist Church's (hereinafter, "Antioch"), Plea of the Statute of Limitations and its Demurrer to the Amended Complaint filed by Plaintiff, Hayward Cuthrell. I have considered the arguments presented by counsel at the hearing and in their recent letter submissions to the Court. The following will set forth my ruling on each of Antioch's pleadings.

*Demurrer*

In his original Complaint, Plaintiff sought damages under several different legal theories, but the Court sustained Antioch's Demurrer and dismissed several counts of the Complaint. The Court permitted Plaintiff to file an Amended Complaint alleging defamation and slander. The central contentions of Antioch's Demurrer to the Amended Complaint are, first, that

Virginia Code § 8.01-220 bars Plaintiff from recovery, and second, that, as a matter of law, Antioch cannot be liable for the defamation allegedly perpetrated by the church's pastor, Dr. Charles F. McKeller.

Virginia Code § 8.01-220 abolishes civil actions for "alienation of affection, breach of promise to marry, or criminal conversation." The statute also abolishes the "civil action for seduction." The Supreme Court of Virginia has made it clear that litigants cannot avoid Code § 8.01-220 by mere formalism; the Supreme Court "conclude[d] that when the General Assembly enacted Code § 8.01-220, it manifested its intent to abolish common law actions seeking damages for a particular type of conduct, regardless of the name that a plaintiff assigns to that conduct." *McDermott v. Reynolds*, 260 Va. 98, 101 (2000). Antioch contends that the present action is barred by Code § 8.01-220 because Plaintiff is attempting to recover damages for the harm caused to his marriage.

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252 (1993). I find that the Amended Complaint contains sufficient allegations of fact to state a cause of action for defamation. "[A]ll defamation in Virginia is either *per se* (by itself) or *per quod* (whereby)." *Jarrett v. Goldman*, 67 Va. Cir. 361, 368 (2005). The Supreme Court of Virginia has explained the difference between defamation *per se* and defamation *per quod* as follows:

> The common law rule divides false, defamatory words which will sustain an action in five classes: 1. Words falsely spoken of a person which impute to the party the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. 2. Words falsely spoken of a person which impute that the party is infected with some contagious disease, where if the charge is true, it would exclude the party from society. 3. Defamatory words falsely spoken of a person which impute to the party unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment. 4. Defamatory words falsely spoken of a party which prejudice such party in his or her profession or trade. 5. Defamatory words falsely spoken which though not in themselves actionable, occasion the party special damage. The first four of these classes are slanderous *per se*, the other only when special damage results.

*M. Rosenberg & Sons v. Craft*, 182 Va. 512, 518 (1944). "An award of general damages is based on a concept of *per se* injury, and resulting damage is presumed to exist if the defamation tort is established. No further proof of injury or loss is required for recovery of general damages." *Snead v. Harbaugh*, 241 Va. 524, 528 (1991) (citation omitted).

In Virginia, adultery is a punishable as a Class 4 Misdemeanor. Virginia Code § 18.2-365. In *Payne v. Tancil*, 98 Va. 262 (1900), the Supreme Court decided a case in which the defendant was alleged to have defamed the plaintiff by making statements accusing him of adultery. The Supreme Court upheld the decision of the trial court to overrule the defendant's demurrer and affirmed the judgment for the plaintiff, indicating that the alleged defamation was in fact actionable *per se*. *Id.* at 265-66.

I find that Plaintiff's Amended Complaint states a cause of action for defamation *per se* that is not barred by Code § 8.01-220. The tort of defamation is intended to protect an individual's "uninterrupted entitlement to enjoyment of his reputation." *Gazette, Inc. v. Harris*, 229 Va. 1, 7 (1985) (citation omitted). Plaintiff has alleged "injury to his reputation." Amended Complaint, Paragraph 23. At the same time, I recognize that *McDermott* does apply to the present case in that Plaintiff may not recover damages for harm caused to his marriage.

Antioch also urges that its Demurrer should be sustained because the alleged tortious conduct on the part of McKeller is so outrageous that it could not have occurred in the course of his employment by Antioch. Thus, Antioch argues that it cannot be vicariously liable for the tortious actions of McKeller. As the Supreme Court has noted, "the determination of the issue whether the employee's wrongful act was within the scope of his employment under the facts of a particular case has proved `vexatious'." *Gina Chin & Assocs. v. First Union Bank*, 260 Va. 533, 540-41 (citations omitted). The Supreme Court has held that "the plaintiff has the burden of persuasion on the issue whether the employee was acting within the scope of his employment at the time of the act complained of "but further held that proof of the employment relationship creates a *prima facie* rebuttable presumption of the employer's liability." *Id.* at 542. A fair reading of *Gina Chin* indicates that, in most cases, the determination of whether an employee acted within the scope of his employment is reserved "for the jury." *Id.* at 543-44 (citation omitted). It would be improper for the Court to sustain Antioch's Demurrer on this ground.

Antioch's Demurrer to the Amended Complaint is overruled.

*Statute of Limitations*

As I indicated to counsel at the hearing, I cannot fairly determine from the pleadings the date when McKeller is alleged to have made the defamatory statements to Mrs. Cuthrell. I do find, however, that Antioch has properly pleaded the affirmative defense of the statute of limitations pursuant to Virginia Code § 8.01-235. Furthermore, I am persuaded that mere amplifications or repetitions of defamatory statements do not "constitute a new cause of action." *Schnupp v. Smith*, 249 Va. 353, 362 (1995) (citation omitted). Thus, Plaintiff's cause of action accrued and the statute of limitations began to run on the date when McKeller first made defamatory statements concerning Plaintiff to Mrs. Cuthrell. *Jordan v. Shands*, 255 Va. 492, 498 (1998).

I reserve ruling on Antioch's Plea of Statute of Limitations.