## CIRCUIT COURT OF NELSON COUNTY

Jacqueline M. Whalen

v.

James Larry Rutherford et al.

### Case No. CL11000184-00

By Judge J. Michael Gamble

### November 16, 2011

I am writing to rule on the demurrers in this case. I will begin with the demurrer of James Larry Rutherford.

*Count I: Actual Fraud and Count II: Constructive Fraud*

I sustain the demurrer to Count I alleging actual fraud and Count II alleging constructive fraud. These counts are dismissed. I base this ruling on the economic loss rule and on the basis that the representations are statements of future events.

The parties began a business relationship in 1985 when they entered into a written partnership agreement to operate a horse farm. Also, by contract dated November 30, 2007, they entered into an agreement establishing how an obligation secured by a deed of trust lien would be paid.

Further, under the allegations of the complaint, Ms. Whalen and Mr. Rutherford had a romantic relationship that began in the 1980s. It is also alleged that, in 1985 and in 2000, Mr. Rutherford asked Ms. Whalen to marry him and that they planned to build a home on Ms. Whalen's property. Further, the complaint alleges that, by deed dated August 12, 2003,

Ms. Whalen conveyed to herself and Mr. Rutherford joint ownership of the real estate. The complaint states that, in March 2007, Mr. Rutherford married another woman and that this was unknown to Ms. Whalen. Further, it is alleged that, in November 2007, Mr. Rutherford borrowed $1,467,725.00 from BB&T to build a home on the Whalen property. The debt was recorded as a lien against the real estate, but only Mr. Rutherford was personally liable on the promissory note that secured the deed of trust.

In the complaint, Ms. Whalen alleges that she conveyed a joint interest in the real estate to Mr. Rutherford based upon his promise to marry her. She alleges that she executed the deed of trust lien against the jointly owned real estate based upon the representation by Mr. Rutherford that he was single, that he intended to marry her, that he was in love with her, that he was financially solvent, that he was ready, willing, and able to pay the mortgage, that he intended to build a home for Whalen and himself on the property, and that he intended to retire and live with Whalen in the house he built on the property.

The allegations in the complaint about the conveyance of joint ownership in the Whalen real estate in 2003 and the execution of the deed of trust lien in 2007 are essentially allegations of breach of contract to marry. Va. Code § 8.01-220 abolished actions for breach of promise to marry, alienation of affection, and criminal conversation.

Construing Va. Code § 8.01-220, the Supreme Court held that the statute manifests the intent of the General Assembly to abolish common law actions for certain kinds of conduct. *McDermott v. Reynolds*, 260 Va. 98, 101, 530 S.E.2d 902 (2000). In *McDermott*, the Supreme Court noted that the plaintiff basically brought an action for alienation of affections under the guise of an action for intentional infliction of emotional distress. The Supreme Court held a trial court must consider the nature of the cause of action pleaded, not merely its form, in determining whether Va. Code § 8.01-220 applied. *McDermott*, 260 Va. at 102, 530 S.E.2d at 903.

An examination of the complaint in the instant case demonstrates that the nature of the conduct alleged in support of Counts I and II is really a breach of contract to marry. For instance, the essence of the allegations in paragraphs 13, 14, and 15 of the complaint are that the deed conveying joint ownership in the real estate was a result of the promise of Mr. Rutherford to marry Ms. Whalen, although it never says that Ms. Whalen accepted the offer to marry. Further, the essence of the allegations in 19 A, B, C, F, and G of the complaint are that Ms. Whalen executed the deed of trust based upon the promise to marry of Mr. Rutherford.

Further, the allegations that the deed and deed of trust transactions were based upon a promise to marry are really allegations of promises to perform future events. Nowhere in the pleadings is it stated that the parties had established a date to be married, or even that Ms. Whalen had accepted a proposal to marry. A misrepresentation in a fraud case must relate to a

present or pre-existing fact and cannot be predicated on unfulfilled promises or statements as to future events. *McMillion v. Dryvit Systems, Inc.*, 262 Va. 463, 471, 552 S.E.2d 364, 368-69 (2001).

A promise to marry is clearly a promise to do something in the future. Thus, that promise cannot relate to a present or pre-existing fact and does constitute an unfulfilled promise as to a future event. This would also apply to the allegation in paragraph 19 E that he was ready, willing, and able to pay the mortgage and provide other financial backing to Whalen. This is also a statement of a future event rather than a present or pre-existing fact. Also, the allegation in paragraph 19 G that he intended to retire and live with Ms. Whalen on the property is a statement of a future event.

Certainly the statement in 19 D, that he was financially solvent, is a statement of a present or pre-existing fact. However, there is no allegation that this statement was incorrect. In fact, the ability of Mr. Rutherford to secure a loan of almost 1.5 million dollars indicates that he was financially solvent at the time the statement was made.

The statement in paragraph 19 A, that Mr. Rutherford was single, is a statement of a present or pre-existing fact. However, there is no allegation of when the statement was made relative to the time of his marriage to another person. It is also part of the suggestion that he breached his promise to marry Ms. Whalen.

Next, the economic loss rule bars any claim based upon the execution of the deed of trust. When a relationship is created between parties solely by virtue of a contract, there is no cause of action in tort. Only when the omission or non-performance of a contractual duty also violates a common law duty can both a contract and tort action be maintained. *Station # 2, L.L.C. v. Lynch*, 280 Va. 166, 171-72, 695 S.E.2d 537, 540 (2010); *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998). In the instant case, Ms. Whalen and Mr. Rutherford executed the deed of trust placing a lien on her property on or about November 27, 2007. Thereafter, she and Mr. Rutherford signed an agreement in December 2007 on how the deed of trust note would be paid. The agreement was executed subsequent to the deed of trust. Further, Ms. Whalen alleges in paragraph 19 that she was relying upon the misrepresentations of fact at the time she executed the deed of trust.

Under the allegations of the complaint, the payment agreement was executed subsequent to the deed of trust. The parties intended to define their duties related to the obligation under the deed of trust through a contractual relationship. Under this payment agreement, the parties defined by contract their duties to each other in relation to the deed of trust. Accordingly, any damages that arise from the failure to make payments is governed by contract law rather than tort law. The rule that prevents the recovery of tort damages in contract cases is sometimes called the economic loss rule. The purpose is to prevent a recovery of tort damages in contract cases.

*Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. at 558. In this case, regardless of what the relationship of the parties was prior to entering into the payment agreement in 2007, they decided to define their obligation by contract. Thus, any damages arising from the failure of Mr. Rutherford to make payments pursuant to the obligation secured by the deed of trust must be determined by contract, and not tort law.

### Count III: Statutory Conspiracy

Va. Code §§ 18.2-499 and 18.2-500 create a statutory cause of action for conspiracy to injure the reputation, trade, business, or profession of another person. The allegations in Count III only address injury to a business.

The demurrer to this count must be sustained, and the count dismissed because the business requirement of this statute is not satisfied by the allegations in the complaint. The plaintiff complains about matters involving the deed, deed of trust, and the payment agreement. These matters involve a real estate transaction, not a business transaction.

The 1985 partnership agreement concerns a horse business operated by the parties. The deed of conveyance in 2003 and the deed of trust in 2007 were not a business. The deed simply transferred property. The deed of trust secured a loan to build a house on the property. There is nothing in the complaint to reasonably infer that the deed transactions or the payment agreement were part of the horse business or any business.

### Count IV: Common Law Conspiracy

Common law business conspiracy requires concerted action by two or more persons to accomplish a criminal or unlawful purpose or some lawful purpose by criminal or unlawful means. *Commercial Business Sys. v. BellSouth Servs.*, 249 Va. 39, 48, 453 S.E.2d 261 (1995).

The criminal or unlawful purposes alleged in this case are based on allegations of actual and constructive fraud. As set forth above, the allegations of actual and constructive fraud in Counts I and II have been dismissed. Therefore, the cause of action for common law conspiracy cannot remain. The demurrer is sustained, and this count is dismissed.

Also, under the facts alleged in the complaint, the mere acts of signing a deed, deed of trust, or executing a payment agreement do not rise to the level of a criminal or unlawful purpose.

### Count V: Intentional Interference with a Business Expectancy

In order to prove tortious interference with contract, it must be proven (1) there is in existence a contractual relationship or business expectancy, (2) knowledge of the expectancy or relationship by the interferer, (3) intentional interference inducing or causing a breach of the relationship

or expectancy, and (4) damage. *Duggin v. Adams*, 234 Va. 221, 226, 360 S.E.2d 832, 835 (1987).

First, there is not a sufficient allegation in the complaint of a contract or expectancy. The only contract in existence at the time the deed of trust and payment agreement were signed was the 1985 partnership agreement. There is no allegation in the complaint that the 1985 partnership agreement had any connection to the deed of trust or related payment agreement. Accordingly, there was no contract or expectancy in existence at the time the deed of trust and payment agreement were executed to satisfy the first requirement of this cause of action. Also, in order for BB&T and/or Elizabeth Sinsel to conspire with Rutherford, they have to have been aware of an agreement. There is no allegation that they were aware of any agreement.

Next, even if the deed of trust or payment agreement are treated as either a contract or business expectancy, they cannot qualify because they would have been prepared after the representations. Accordingly, there was no expectancy or contract in existence to be interfered with when any representations were made. Last, as noted above, the real estate transaction and payment agreement were not a business.

The demurrer is sustained, and this count is dismissed.

### Count VI: Breach of Contract against Rutherford

There are sufficient allegations in the complaint to allege a breach of contract under the payment agreement. There are insufficient allegations in the complaint to allege a breach of contract for the operation of a business on real estate. Accordingly, the demurrer is sustained as to paragraph 77 of the complaint, and it is stricken. It is overruled as to the claim of breach of contract under the payment agreement.

### Count VII: Quasi Contract against Rutherford

Mr. Rutherford correctly argues that it is only in the absence of an express contract between the parties that the law may imply a contract. *Ellis & Myers Lumber Co. v. Hubbard*, 123 Va. 481, 502, 96 S.E. 754 (1918). In the instant case, even though there is a written payment agreement, there may be a dispute over whether the agreement is valid or whether there are terms created independent of the written agreement. Accordingly, before the court can consider whether there is a claim under quasi contract in this case, there must be further development of the evidence. The demurrer is overruled as to this count.

### Count X: Breach of Joint Venture Agreement against Rutherford

This count alleges that Whalen and Rutherford entered into a joint venture to operate a business on Shiloh Farm for a profit. The only business, however, that is alleged is the partnership entered into by Whalen and

Rutherford in 1985 to operate a horse farm. There is no other business venture alleged.

A joint venture is defined as two or more parties that enter into a special combination for a specific business undertaking seeking a profit, without a partnership or corporate designation. *PGI, Inc. v. Rathe Products, Inc.*, 265 Va. 334, 340, 576 S.E.2d 438 (2003).

The allegations in the complaint do not meet this definition because only a partnership is alleged. The partnership is defined by a written contract. The deed, deed of trust, and payment agreement were part of a real estate transaction. Accordingly, there is no special combination for a specific business alleged.

The demurrer to this count is sustained, and it is dismissed.

## Count XI: Breach of Fiduciary Duty against Rutherford

The 1985 partnership agreement entered into between Whalen and Rutherford creates a fiduciary responsibility between the partners on matters that involve the business of the partnership. The partnership agreement, however, is for the operation of a horse business. The deed, deed of trust, and payment agreement are not a horse business. They are real estate transactions. Accordingly, there is no fiduciary relationship created by either of the deed or deed trust or the contractual payment agreement. The demurrer to this count is sustained, and it is dismissed.

Next I will rule on the demurrer to the allegations involving Branch Banking and Trust Company ("BB&T") and Elizabeth Sinsel ("Sinsel").

## Count VII: Breach of Contract against BB&T and Sinsel

All valid contracts require a meeting of the minds on the material terms of the contract. *Moorman v. Blackstock, Inc.*, 276 Va. 64, 75, 661 S.E.2d 404, 409 (2008). Count VII alleges that BB&T and Sinsel contracted with the plaintiff to forebear from filing a lawsuit while the bank explored whether a compromise could be reached. The alleged agreement for the plaintiff to delay filing her suit did not contain any time limit, and it did not contain any agreement on the terms of the delay to institute litigation. There was simply no meeting of the minds on terms essential to make a contract.

Also, the pleadings seem to suggest that the plaintiff's delay in filing a lawsuit was for purposes of settlement negotiations. There is, however, no allegation that there were any terms set for the settlement of this case that could be contractually enforced by the court. Again, there was no agreement by the parties on any essential material terms to constitute a settlement agreement.

Accordingly, I find that Count VII does not allege a breach of contract and must be dismissed.

*Count IX: Breach of Quasi Contract against BB&T and Sinsel*

The same analysis applicable to Count VII applies to this count. The parties did not agree on material terms of a contract. Also, this was a settlement negotiation that failed to reach an agreement on all of the material terms of a settlement. The allegations in the complaint do not give the court any basis to imply a contract.

*Count XII: Breach of Fiduciary Duty against BB&T and Sinsel*

Generally, there is no fiduciary relationship between a bank and its customer in normal banking transactions. A fiduciary relationship exists when a special confidence has been given to a person to act in good faith on behalf of another person. *Augusta Mutual Ins. Co. v. Mason*, 274 Va. 199, 207, 645 S.E.2d 290, 295 (2007).

The complaint does not allege any special relationship between BB&T, Sinsel, and Ms. Whalen. The relationship is merely one where the bank placed a deed of trust on her property to secure the loan to Mr. Rutherford. This is certainly not a special confidence that Ms. Whalen has given to BB&T. Accordingly, the demurrer is sustained as to this count, and it is dismissed.

*Count I, Count II, Count III, Count IV, and Count V*

The above counts also allege causes of action against BB&T and Sinsel for actual fraud, constructive fraud, statutory business conspiracy, common law conspiracy, and tortious interference with contract. For the same reason these causes of action were dismissed against Mr. Rutherford, they are also dismissed as to BB&T and Sinsel.

*Selene Finance, Mortgage Electronic Finance Systems,*
*and Myers, Trustee*

No facts suggesting a cause of action have been alleged against any of these defendants. They are only nominal defendants for purposes of injunctive relief or relief concerning reformation of the real estate transactions. Accordingly, any causes of action against these defendants are dismissed with the exception of any actions for injunctive relief or relief concerning the reformation of any real estate transactions.

*Punitive Damages*

The only causes of actions that remain in this case are the contractual causes of action. Punitive damages cannot be recovered in a breach of contract case. *Kamlar Corp. v. Haley*, 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983). Accordingly, the demurrer is sustained as to punitive damages, and the punitive damages claim is dismissed.

March 16, 2012

I am writing this letter to rule on the issue on whether the plaintiff should be granted leave to file an amended complaint. In this regard, I will address this matter by referring to the counts that are found in the proposed amended complaint.

### *Count I*

This count alleges Rutherford's fraud in building and financing the home. In particular, it addresses the alleged false representations of Rutherford with regard to the deed of trust, the first agreement, and the second agreement.

In Count I, the alleged misrepresentations are still about future events rather than present or pre-existing facts. Further, the economic loss rule would likewise bar a claim under Count I because the parties attempted to define their relationship by contract subsequent to the execution of the deed of trust.

Accordingly, the Amended Count I would simply cause a reargument of the same issues, with the same resulting ruling. Leave to file the Amended Count I is denied.

### *Count II*

Count II alleges that Rutherford fraudulently induced Whalen to sign the second agreement. The allegations in Count II raise a new substitutive cause of action. The general rule is that amendments to pleadings will only be permitted where they seek a determination of the same subject matter of the controversy originally pleaded. *Vines v. Branch*, 244 Va. 185, 188, 418 S.E.2d 890 (1992).

In *Irvine v. Barrett*, 119 Va. 587, 591, 89 S.E. 904 (1916), the Supreme Court of Virginia set forth a test in determining whether a new cause of action is alleged in an amended pleading. Under that test, the trial court would (1) inquire if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, (2) if the same evidence would support both complaints, or (3) if the same measure of damages is applicable.

In the original complaint, only causes of action for breach of contract under Count VI or breach of *quasi* contract under Count VIII were alleged against Rutherford pertaining to the first agreement and the second agreement. Accordingly, contract damages would apply under the original complaint, but tort damages would apply under the amended complaint. Also, a recovery of damages under the original complaint for breach of contract would not bar a recovery for tort damages under the amended

complaint. But see *res judicata* claim preclusion under Rule 1:6 of the Rules of the Supreme Court of Virginia. Last, the same evidence would not support a breach of contract claim pertaining to the first and second agreements and a fraud claim pertaining to these agreements. The elements of these causes of action are different.

Accordingly, I will not grant leave to file an amended Count II.

### Count III

Count III alleges breach of fiduciary duty by the failure of Rutherford to disclose that he would not use the home as his primary residence and that he would no longer actively participate in W & R Partnership. In the previous ruling, I found that the 1985 partnership agreement applies to a horse business, and not to the deed of trust or to real property. Accordingly, to allow the Amended Count III would merely create a reargument of the same issues and ultimately the same ruling of the court.

Accordingly, the plaintiff will not be allowed to file the Amended Count III.

### Count IV

Count IV alleges that Rutherford breached his fiduciary duty to Whalen by failing to disclose changes made to the second agreement.

First, I find that this is a new substitutive cause of action. The first complaint does not allege a breach of fiduciary duty with reference to the second agreement. Further, the same evidence would not support the breach of fiduciary duty alleged in the original complaint and the breach of fiduciary duty alleged in the amended complaint. This is because the breach of fiduciary duty alleged in the original complaint is directed at Rutherford's failure to make the mortgage payments while the amended complaint is directed at changes made to the second agreement.

Additionally, the parties were defining their relationship through the post-deed of trusts agreements. Accordingly, the economic loss rule applies and would only allow a recovery of breach of contract damages as opposed to tort damages under a breach of fiduciary duty cause of action.

Last, the contracts do not create a fiduciary relationship. The fiduciary relationship alleged under the amended complaint seems to be based upon the relationship created by the 1985 partnership agreement. However, this agreement is only an agreement for a horse business, not real estate nor payments related to a mortgage.

Accordingly, I deny the motion to file the Amended Count IV.

### Count V and Count VI

I will allow the Amended Count V and Count VI. These counts are amplification of the breach of agreement and breach of *quasi* contract allegations in the original complaint under Count VI and Count VII. Accordingly, I will allow the amended allegations set forth in Count V and Count VI to be considered along with the allegations in Count VI and Count VII of the original complaint.

### Count VII

Count VII alleges breach of contract by Rutherford for his failure to pay approximately $20,000.00 per month to Whalen for services rendered through W & R Partnership. This is a new substitutive cause of action. It was not alleged in the original complaint. Accordingly, pursuant to *Vines v. Branch, supra*, I deny the request to file the amended Count VII.

### Count VIII and Count IX

Count VIII and Count IX allege breach of fiduciary duties and breach of duties by Ralph E. Turpin, Jr., an attorney. These are new causes of action that were not alleged in the original complaint. Accordingly, pursuant to the holding in *Vines v. Branch, supra*, I will not allow the Amended Count VIII and Count IX.